Dennis F. Dunne, Esq. (*pro hac vice* pending)
Evan R. Fleck, Esq. (*pro hac vice* pending)
Michael W. Price, Esq. (*pro hac vice* pending)
**MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP**
28 Liberty Street
New York, New York 10005
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219

Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192

*Proposed Co-Counsel for Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GYMBOREE GROUP, INC., | ) | Case No. 19-30258 (KLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-2776587 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GYMBOREE INTERMEDIATE CORPORATION, | ) | Case No. 19-30252 (KLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-2821473 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GYMBOREE WHOLESALE, INC., | ) | Case No. 19-30253 (KLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 27-3336588 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GYM-MARK, INC., | ) | Case No. 19-30254 (KLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 94-3206459 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GYMBOREE OPERATIONS, INC., | ) | Case No. 19-30255 (KLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 94-3206463 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GYMBOREE DISTRIBUTION, INC., | ) | Case No. 19-30250 (KLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-2848669 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GYMBOREE MANUFACTURING, INC., | ) | Case No. 19-30256 (KLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 94-3206464 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GYMBOREE RETAIL STORES, LLC, | ) | Case No. 19-30249 (KLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 94-3206461 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GYM-CARD, LLC, | ) | Case No. 19-30248 (KLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-3845720 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GYMBOREE HOLDING CORPORATION, | ) | Case No. 19-30257 (KLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-2790315 | ) | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GYMBOREE ISLAND, LLC, | ) Case No. 19-30251 (KLP) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 66-0701215 | ) |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors in possession (the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

**Background**

1. The Debtors are specialty retailers, operating stores selling high-quality clothing and accessories for children. The Debtors' family of brands consists of Gymboree®, Janie and Jack®, and Crazy 8®. The Debtors currently operate over 900 retail stores, each dedicated to one of their brands, in the United States and Canada, with online stores for each brand and franchises around the world.

2. On the date hereof (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors have requested that their cases be consolidated for procedural purposes only and administered jointly. No request for the appointment of a trustee or examiner has been made and an official committee of unsecured creditors is yet to be appointed.

4. A comprehensive description of the Debtors' business and operations, capital structure and the events leading to the commencement of these cases can be found in the

3

*Declaration of Stephen Coulombe, Chief Restructuring Officer of Gymboree Group, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and which is incorporated herein by reference.[1]

### Jurisdiction, Venue, and Procedural Background

5.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.  The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, rule 1015(b) of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and rules 1015-1 and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia (as amended, the "Local Bankruptcy Rules").

7.  The Debtors consent to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

### Relief Requested

8.  By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) directing the joint administration of these cases for procedural purposes only; and (b) granting certain related relief described herein. The Debtors request that one file and one docket be maintained for all of the above-captioned cases under the case of

---

[1] On June 12, 2017, the Debtors' predecessors in interest commenced chapter 11 cases (the "Prior Cases") before this Court, which were jointly administered under the caption *In re The Gymboree Corp.*, No. 17-32986 (KLP). A plan of reorganization was confirmed in the Prior Cases on September 7, 2017, and such plan went effective on September 29, 2017. On January 19, 2018, all of the Prior Cases, other than the case of *The Gymboree Corp.*, were closed.

4

Gymboree Group, Inc. and that such cases be jointly administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| GYMBOREE GROUP, INC., *et al.*,[2] | ) Case No. 19-30258 (KLP) |
| Debtors. | ) Jointly Administered |

9. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

10. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each case of a Debtor other than Gymboree Group, Inc. to reflect the joint administration of these cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia directing joint administration for procedural purposes only of the chapter 11 cases of: Gymboree Group, Inc. (6587); Gymboree Intermediate Corporation (1473); Gymboree Holding Corporation (0315); Gymboree Wholesale, Inc. (6588); Gym-Mark, Inc. (6459); Gymboree Operations, Inc. (6463); Gymboree Distribution, Inc. (8669); Gymboree Manufacturing, Inc. (6464); Gymboree Retail Stores, LLC (6461); Gym-Card, LLC (5720); and Gymboree Island, LLC (1215). The docket in Case No. 19-30258 (KLP) should be consulted for all matters affecting this case.

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Gymboree Group, Inc. (6587); Gymboree Intermediate Corporation (1473); Gymboree Holding Corporation (0315); Gymboree Wholesale, Inc. (6588); Gym-Mark, Inc. (6459); Gymboree Operations, Inc. (6463); Gymboree Distribution, Inc. (8669); Gymboree Manufacturing, Inc. (6464); Gymboree Retail Stores, LLC (6461); Gym-Card, LLC (5720); and Gymboree Island, LLC (1215). The Debtors' service address is 71 Stevenson Street, Suite 2200, San Francisco, California 94105.

11. Additionally, the Debtors seek authority to file the monthly operating reports required by the *Operating* Guidelines *and Reporting Requirements of the United States Trustee for Chapter 11 Debtors in Possession and Chapter 11 Trustees*, issued by the Office of the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee"), on a consolidated basis, provided that each such report shall set forth disbursements on a debtor-by-debtor basis.

12. By this Motion, the Debtors do not seek (a) joint administration of the cases of any Debtors with the Prior Cases or (b) any of the relief requested herein to apply in the Prior Cases.

**Basis for Relief**

13. Section 105(a) of the Bankruptcy Code authorizes this Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The eleven Debtors in these cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.

14. Further, Local Bankruptcy Rule 1015-1 provides additional authority for this Court to order the joint administration of these cases, stating as follows:

> In all joint petitions filed with the Court, the case will be administered through joint administration of the estates unless the trustee or other interested party files an objection to joint administration within 14 days after the meeting of creditors and gives notice of a hearing date on such objection.

Local Bankr. R. 1015-1. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize this Court to grant the relief requested herein.

15. Given the integrated nature of the Debtors' operations, the joint administration of these cases will provide significant administrative convenience. Many of the filings, hearings, and orders in these cases will affect each Debtor. Joint administration of these cases will decrease fees

and costs by avoiding duplicative filings that would be required absent such relief. It will also allow parties in interest to monitor these cases with greater ease and efficiency.

16. Joint administration of these cases will not harm or otherwise adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, and not substantive, consolidation of the Debtors' estates. Instead, parties in interest will benefit from the cost reductions associated with joint administration. Accordingly, the Debtors submit that the joint administration of these cases is in the best interests of their estates, their creditors, and other parties in interest.

17. Joint administration is generally non-controversial, and courts have routinely granted the joint administration of cases with multiple related debtors. *See, e.g.*, *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP), [Docket No. 78] (Bankr. E.D. Va. Sept. 19, 2017); *In re Penn Va. Corp.*, No. 16-32395 (KLP), [Docket No. 67] (Bankr. E.D. Va. May 13, 2016); *In re Eidos, LLC*, No. 16-10385 (BFK), [Docket No. 71] (Bankr. E.D. Va. Mar. 2, 2016); *In re Alpha Natural Res., Inc.*, No. 15-33896 (KRH), [Docket No. 129] (Bankr. E.D. Va. Aug. 5, 2015); *In re Patriot Coal Corp.*, No. 15-32450 (KLP), [Docket No. 48] (Bankr. E.D. Va. May 13, 2015); *In re James River Coal Co.*, No. 14-31848 (KRH), [Docket No. 91] (Bankr. E.D. Va. Apr. 10, 2014); *In re AMF Bowling Worldwide, Inc.*, No. 12-36495 (KRH), [Docket No. 55] (Bankr. E.D. Va. Nov. 14, 2012); *In re Workflow Mgmt., Inc.*, No. 10-74617 (SCS), [Docket No. 48] (Bankr. E.D. Va. Oct. 1, 2010).

18. In addition, similar relief was requested and granted by this Court in the Prior Cases. *In re The Gymboree Corp.*, No. 17-32986 (KLP), [Docket No. 69] (Bankr. E.D. Va. June 12, 2017).

### Waiver of Memorandum of Points and Authorities

19. The Debtors respectfully request that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied

by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

## Notice

20. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (c) counsel to the Debtors' proposed postpetition secured lenders, King & Spalding LLP, Attn: Austin W. Jowers, Esq., and Christopher G. Boies, Esq., 1185 Avenue of the Americas, New York, NY 10036; (d) co-counsel to the Debtors' proposed postpetition secured lenders, McGuireWoods LLP, Attn: Dion W. Hayes, Esq., Douglas M. Foley, Esq., and Sarah B. Boehm, Esq., 800 East Canal Street, Richmond, VA 23219; (e) co-counsel to Bank of America, N.A. as administrative agent under the ABL Credit Agreement, Morgan, Lewis & Bockius LLP, One Federal St., Boston, MA 02110-1726, Attn: Julia Frost-Davies, Esq. and Amelia C. Joiner, Esq. and co-counsel Hunton Andrews Kurth LLP, 951 East Byrd Street, Richmond, VA 23219, Attn: Tyler P. Brown, Esq. and Justin F. Paget, Esq.; (f) counsel to Goldman Sachs Specialty Lending Group, L.P. as administrative and collateral agent under the Term Loan Credit Agreement; (g) any banking or financial institution that holds the Debtors' accounts; (h) the Internal Revenue Service; (i) the office of the attorneys general for the states in which the Debtors operate; (j) the National Association of Attorneys General; and (k) all other parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

21. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the relief requested herein and such other relief as this Court deems appropriate under the circumstances.

Dated: January 17, 2019  
Richmond, Virginia

*/s/ Michael A. Condyles*  
Michael A. Condyles, Esq. (VA 27807)  
Peter J. Barrett, Esq. (VA 46179)  
Jeremy S. Williams, Esq. (VA 77469)  
Brian H. Richardson, Esq. (VA 92477)  
**KUTAK ROCK LLP**  
901 East Byrd Street, Suite 1000  
Richmond, Virginia 23219-4071  
Telephone:   (804) 644-1700  
Facsimile:    (804) 783-6192  
Email:          Michael.Condyles@KutakRock.com  
                    Peter.Barrett@KutakRock.com  
                    Jeremy.Williams@KutakRock.com  
                    Brian.Richardson@KutakRock.com

-and-

Dennis F. Dunne, Esq. (*pro hac vice* pending)  
Evan R. Fleck, Esq. (*pro hac vice* pending)  
Michael W. Price, Esq. (*pro hac vice* pending)  
**MILBANK, TWEED, HADLEY & M$^C$CLOY LLP**  
28 Liberty Street  
New York, New York 10005  
Telephone:   (212) 530-5000  
Facsimile:    (212) 530-5219  
Email:          ddunne@milbank.com  
                    efleck@milbank.com  
                    mprice@milbank.com

*Proposed Co-Counsel for Debtors in Possession*

## Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GYMBOREE GROUP, INC., | ) | Case No. 19-30258 (KLP) |
| Debtor. | ) | |
| Tax I.D. No. 82-2776587 | ) | |
| In re: | ) | Chapter 11 |
| GYMBOREE INTERMEDIATE CORPORATION, | ) | Case No. 19-30252 (KLP) |
| Debtor. | ) | |
| Tax I.D. No. 82-2821473 | ) | |
| In re: | ) | Chapter 11 |
| GYMBOREE WHOLESALE, INC., | ) | Case No. 19-30253 (KLP) |
| Debtor. | ) | |
| Tax I.D. No. 27-3336588 | ) | |
| In re: | ) | Chapter 11 |
| GYM-MARK, INC., | ) | Case No. 19-30254 (KLP) |
| Debtor. | ) | |
| Tax I.D. No. 94-3206459 | ) | |
| In re: | ) | Chapter 11 |
| GYMBOREE OPERATIONS, INC., | ) | Case No. 19-30255 (KLP) |
| Debtor. | ) | |
| Tax I.D. No. 94-3206463 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GYMBOREE DISTRIBUTION, INC., | ) | Case No. 19-30250 (KLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-2848669 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GYMBOREE MANUFACTURING, INC., | ) | Case No. 19-30256 (KLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 94-3206464 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GYMBOREE RETAIL STORES, LLC, | ) | Case No. 19-30249 (KLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 94-3206461 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GYM-CARD, LLC, | ) | Case No. 19-30248 (KLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-3845720 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GYMBOREE HOLDING CORPORATION, | ) | Case No. 19-30257 (KLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-2790315 | ) | |

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GYMBOREE ISLAND, LLC, | ) | Case No. 19-30251 (KLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 66-0701215 | ) | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors in possession for entry of an order, (a) directing the joint administration of the Debtors' cases for procedural purposes only; and (b) granting certain related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984; and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion is appropriate under the circumstances and that no other or further notice need be provided; and upon the record of the hearing held before this Court; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth in this Order.

2. The above-captioned cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 19-30258 (KLP).

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

3

3. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GYMBOREE GROUP, INC., *et al.*,[2] | ) | Case No. 19-30258 (KLP) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each case of a Debtor other than Gymboree Group, Inc. to reflect the joint administration of these cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia directing joint administration for procedural purposes only of the chapter 11 cases of: Gymboree Group, Inc. (6587); Gymboree Intermediate Corporation (1473); Gymboree Holding Corporation (0315); Gymboree Wholesale, Inc. (6588); Gym-Mark, Inc. (6459); Gymboree Operations, Inc. (6463); Gymboree Distribution, Inc. (8669); Gymboree Manufacturing, Inc. (6464); Gymboree Retail Stores, LLC (6461); Gym-Card, LLC (5720); and Gymboree Island, LLC (1215)]. The docket in Case No. 19-30258 (KLP) should be consulted for all matters affecting this case.

---

[2] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Gymboree Group, Inc. (6587); Gymboree Intermediate Corporation (1473); Gymboree Holding Corporation (0315); Gymboree Wholesale, Inc. (6588); Gym-Mark, Inc. (6459); Gymboree Operations, Inc. (6463); Gymboree Distribution, Inc. (8669); Gymboree Manufacturing, Inc. (6464); Gymboree Retail Stores, LLC (6461); Gym-Card, LLC (5720); and Gymboree Island, LLC (1215). The Debtors' service address is 71 Stevenson Street, Suite 2200, San Francisco, California 94105.

6.  The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Eastern District of Virginia shall keep, one consolidated docket, one file, and one consolidated service list for these cases.

7.  The Debtors are authorized to file the monthly operating reports required by the *Operating Guidelines and Reporting Requirements of the United States Trustee for Chapter 11 Debtors in Possession and Chapter 11 Trustees*, issued by the Office of the United States Trustee for the Eastern District of Virginia, on a consolidated basis, but the Debtors shall set forth disbursements on a debtor-by-debtor basis in each such operating report.

8.  Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these cases and this Order shall be without prejudice to the rights of the Debtors or any other party in interest to seek or oppose substantive consolidation of these cases.

9.  The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of points and authorities in connection with the Motion is waived.

10. The Debtors are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____  
Richmond, Virginia

_____  
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

*/s/ Michael A. Condyles*
Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:     (804) 644-1700
Facsimile:      (804) 783-6192

- and -

Dennis F. Dunne, Esq. (*pro hac vice* pending)
Evan R. Fleck, Esq. (*pro hac vice* pending)
Michael W. Price, Esq. (*pro hac vice* pending)
**MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP**
28 Liberty Street
New York, New York 10005
Telephone:     (212) 530-5000
Facsimile:      (212) 530-5219

*Proposed Co-Counsel for Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Michael A. Condyles*