# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# (RICHMOND)

| | |
|---|---|
| In re:<br><br>GYMBOREE GROUP, INC., *et al.*,[1]<br><br>Debtors,<br>_____<br>KATHERINE POCRASS on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GYMBOREE GROUP, INC., GYMBOREE INTERMEDIATE CORPORATION, GYMBOREE HOLDING CORPORATION, GYMBOREE WHOLESALE, INC., GYM-MARK, INC., GYMBOREE OPERATIONS, INC., GYMBOREE DISTRIBUTION, INC., GYMBOREE MANUFACTURING, INC., GYMBOREE RETAIL STORES, LLC, GYM-CARD, LLC, AND GYMBOREE ISLAND, LLC,<br><br>Defendants. | Bankr. Case No. 19-30258-KLP<br><br>Chapter 11<br>Joint Administration Requested<br><br><br><br>**ADVERSARY CLASS ACTION COMPLAINT**<br><br>Adv. Case No. _____ |

Katherine Pocrass ("Plaintiff") alleges on behalf of herself and a class of similarly situated former employees of Gymboree Group, Inc., Gymboree Intermediate Corporation, Gymboree Holding Corporation, Gymboree Wholesale, Inc., Gym-Mark, Inc., Gymboree Operations, Inc.,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Gymboree Group, Inc. (6587); Gymboree Intermediate Corporation (1473); Gymboree Holding Corporation (0315); Gymboree Wholesale, Inc. (6588); Gym-Mark, Inc. (6459); Gymboree Operations, Inc. (6463); Gymboree Distribution, Inc. (8669); Gymboree Manufacturing, Inc. (6464); Gymboree Retail Stores, LLC (6461); Gym-Card, LLC (5720); and Gymboree Island, LLC (1215).

Gymboree Distribution, Inc., Gymboree Manufacturing, Inc., Gymboree Retail Stores, LLC, Gym-Card, LLC, and Gymboree Island, LLC (together, the "Debtors" or "Defendants"), as follows:

## NATURE OF THE ACTION

1. Plaintiff and the putative class members were terminated from their jobs on or about January 18, 2019.

2. Plaintiff brings this action on behalf of herself and the other similarly situated former employees who worked for Defendants and who were terminated without cause, as part of, or as the foreseeable result of, a mass layoff or plant closing ordered by Defendants on or about January 18, 2019 and within thirty (30) days of that date, who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.* and the California Labor Code § 1400 *et. seq.* ("CAL-WARN Act").

3. Plaintiff and all similarly situated employees seek to recover up to 60 days wages and benefits, pursuant to 29 U.S.C. § 2104 from Defendants.

4. The WARN Act provides that two or more nominally independent companies may be held jointly and severally liable as a "single employer," and also provides that parents and subsidiaries may be held jointly and severally liable as a "single employer". 20 C.F.R. § 639.3(a)(2).

5. Defendants were the employer (as that term is defined in the WARN Act) of Plaintiff and the similarly situated terminated employees during the relevant time period and was responsible for giving them notice pursuant to the WARN Act.

6. Plaintiff's claims, as well as the claims of all similarly situated employees, are entitled to administrative priority status pursuant to the United States Bankruptcy Code § 503(b)(1)(A) or in the alternative, wage priority status, under 11 U.S.C. § 507(a)(4) and (5).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this adversary pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367 and 29 U.S.C. § 2104(a)(5).

8. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1409, 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiff*

10. Plaintiff was employed by Defendants as a senior director of design and worked at the Defendants' facility located at 71 Stevenson Street, Suite 2200, San Francisco CA 94105 (the "San Francisco Facility") until her termination as part of a mass layoff and/or plant closing that began on or about January 18, 2019.

11. Plaintiff was terminated without cause.

12. Plaintiff was terminated without 60 days' written notice.

13. On information and belief, other similarly situated former employees who worked at the San Francisco Facility were also terminated on or about January 18, 2019 without cause and without 60 days' written notice.

*Defendants*

14. Debtors operate a business enterprise consisting of three retail brands of children's clothing (Gymboree, Crazy 8, Janie and Jack), with over 900 stores in the United States and Canada, and franchises in other countries.

15. Debtor Gymboree Group, Inc. ("GGI") is the entity that operates the Debtors' executive functions and performs other corporate functions, such as human resources, information technology, finance, accounting, tax, treasury and legal departments. The Debtors' other administrative and operational functions, including store operations, lease administration and marketing, are performed by Gymboree Operations, Inc. The Debtors' wholesaling and international franchising operations are conducted by Gymboree Wholesale, Inc. The Debtors' gift card and certificates programs are operated by Gym-Card, Inc.

16. The Debtors are funded by a revolving credit facility, with GGI as lead borrower, certain other Debtors as borrowers, and Gymboree Intermediate Corporation as guarantor, to a Credit Agreement known as the ABL Credit Agreement.

17. At all relevant times, Debtors comprised a business enterprise that together operated as a single employer.

18. At all relevant times, Debtors were a joint employer of Plaintiff and its other employees.

19. Until on or about January 18, 2019, Plaintiff and all similarly situated employees were employed by Defendants and worked at or reported to the San Francisco Facility.

20. The Debtors, like many other apparel and retail companies, have in the past several years fallen victim to adverse macro-trends, including the general shift away from brick-and-mortar stores to online retail channels. In 2017, the Debtors filed for Chapter 11 bankruptcy in this Court and emerged from it with a plan that included the closure of underperforming stores and revised debt obligations, with the hope of improving the competitiveness of its brick and mortar businesses. (Bankr. Case No. 17-32986-KLP). Unfortunately, weak retail sales led to deep in-store

merchandise discounting, which in turn led to thinner profit margins and hampered the Debtors' ability to repay its debt obligations.

21.     On or about January 17, 2019, Defendants filed for Chapter 11 bankruptcy in this Court. (Bankr. Case No. 19-30258-KLP, ECF No. 1).

22.     Defendants, as a single employer, made the decision to terminate the employment of Plaintiff and the other similarly situated former employees.

23.     Following the bankruptcy filing, Defendants informed their employees that they would be terminated beginning on January 18, 2019.

24.     Defendants did not provide Plaintiff or the similarly situated employees with 60 days' notice of their terminations.

## **FEDERAL WARN CLASS ALLEGATIONS**

25.     Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, individually and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to Defendants' San Francisco Facility and were terminated without cause on or about January 18, 2019 and within 30 days of that date, or was terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendants on or about January 18, 2019, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

26.     The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, it is estimated at about 400 individuals. On information and belief, the facts

5

on which the calculation of that number can be based are presently within the sole control of Defendants.

27. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in Defendants' books and records.

28. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

29. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of the Defendants who worked at or reported to the San Francisco Facility;

    (b) whether Defendants, unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act;

    (c) whether Defendants' unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act; and

    (d) whether Defendants as a single employer violated the WARN Act.

30. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at or reported to the San Francisco Facility and was terminated without cause on or about January 18, 2019 due to the mass layoff and/or plant closing ordered by Defendants.

31. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until they decided to order a mass layoff or plant closing at the San Francisco Facility.

32. Defendants constituted a "single employer" of Plaintiff and the Class Members under the WARN Act in that, among other things:

(a) The Defendants shared common ownership;
(b) The Defendants shared common officers and directors;
(c) All of the Defendants exercised *de facto* control over the labor practices governing the Plaintiff and Class Members, including the decision to order the mass layoff or plant closing at the San Francisco Facility;
(d) There was a unity of personnel policies emanating from a common source between Defendants; and
(e) There was a dependency of operations between Defendants.

33. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

34. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

35. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

7

36. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## CAUSE OF ACTION (FEDERAL WARN ACT)

37. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

38. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

39. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoff or plant closing at the San Francisco Facility.

40. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

41. On or about January 17, 2019, the Defendants ordered mass layoff or plant closing at the San Francisco Facility, as that term is defined by 29 U.S.C. § 210l(a)(2).

42. The mass layoff or plant closing at the San Francisco Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty –three percent of Defendants' workforce at the San Francisco Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

43. Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the San Francisco Facility.

44. Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

45. Defendants were required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

46. Defendants failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

47. Plaintiff and each of the Class Members are, "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

48. Defendants failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

49. The relief sought in this proceeding is predominately equitable in nature.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants, jointly and severally:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and 29 U.S.C. § 2104(a)(5), Plaintiff and the other similarly situated former employees constitute a single class;

B. Designation of Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued

vacation pay, health and life insurance, and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4) and California Labor Code § 1402(a);

E. Treatment of all damage claims as first priority administrative expense pursuant to 11 U.S.C. § 503(b)(l)(A), or alternatively priority status pursuant to 11 U.S.C. § 507(a)(4) or (5) and the remainder as a general unsecured claim;

F. Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6), as well as by California Labor Code § 218.5 and any other applicable state law providing for attorneys' fees;

G. Interest as allowed by law on the amounts owed under the preceding paragraphs; and

H. Such other and further relief as this Court may deem just and proper.

Dated: January 26, 2019

    Respectfully submitted,

By: /s/ Haig V. Kalbian
Haig V. Kalbian VAB 32658
D. Michelle Douglas VAB 74838
KALBIAN HAGERTY LLP
888 17th Street, N.W.
Suite 1000
Washington, DC 20006
Phone Main: 202-223-5600
Phone Direct: 202-419-3296
Fax: 202-223-6625

Jack A. Raisner (*pro hac vice forthcoming*)
René S. Roupinian (*pro hac vice forthcoming*)
OUTTEN & GOLDEN LLP

685 Third Avenue, 25th Floor  
New York, New York 10017  
Tel.: (212) 245-1000  
Email: rsr@outtengolden.com  
Email: jar@outtengolden.com  

*Attorneys for Plaintiff and the putative Class*