**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| *In re:* | ) ) | Chapter 11 |
| Gymboree Group, Inc., *et al.*, | ) ) ) |  |
| *Debtors.* | ) ) | Case No. 19-30258-KLP (Joint Administration) |

**NOTICE OF AND RULE 2004 MOTION OF PAN PACIFIC CO., LTD. FOR
AUTHORIZATION TO ISSUE DOCUMENT REQUESTS, NOTICES, AND
SUBPOENAS FOR THE PRODUCTION OF
<u>DOCUMENTS AND FOR TESTIMONY BY THE DEBTORS</u>**

**PLEASE TAKE NOTICE** that on February 27, 2019, Pan Pacific Co., Ltd. ("<u>Pan Pacific</u>") filed with the Court a Rule 2004 Motion of Pan Pacific for Authorization to Issue Document Requests, Notices, and Subpoenas for the Production of Documents and for Testimony by the Debtors (the "<u>Motion</u>") in the above-captioned chapter 11 cases, and a copy of the Motion is included below.

**PLEASE TAKE NOTICE THAT <u>your rights may be affected</u>**. You should read these papers carefully and discuss them with your attorney, if you have one in these bankruptcy cases. (If you do not have an attorney, then you may wish to consult one.)

**PLEASE TAKE NOTICE THAT** in connection with these chapter 11 cases, an *Order (I) Establishing Certain Notice, Case Management and Administrative Procedures, and (II) Granting Related Relief* (ECF No. 78; the "<u>Case Management Order</u>") was entered by the Court on January 17, 2019, which, among other things, prescribes the manner in which objections must be filed and served and when hearings will be conducted. A copy of the Case Management Order may be obtained at no charge at https://cases.primeclerk.com/gym or for a fee via PACER at http://www.vaeb.uscourts.gov.

**PLEASE TAKE NOTICE THAT** if you do not timely file and serve a written objection to the relief requested in the Motion, then the Court may deem any opposition waived, treat the Motion as conceded and enter an order granting the relief requested in the Motion without further notice or a hearing.

---

James K. Donaldson, Esq. (VSB No. 80307)
Vandeventer Black LLP
Riverfront Plaza – West Tower
901 East Byrd Street, Suite 1600
Richmond, VA 23219
(804) 237-8800 (telephone)
(804) 237-8801 (facsimile)
jdonaldson@vanblacklaw.com
*Counsel to Pan Pacific Co., Ltd.*

James Till, Esq. (admitted *pro hac vice*)
LimNexus LLP
707 Wilshire Boulevard, Suite 4600
Los Angeles, CA 90017
(213) 955-9500 (telephone)
(213) 955-9511 (facsimile)
James.Till@limnexus.com
*Counsel to Pan Pacific Co., Ltd.*

**PLEASE TAKE NOTICE THAT** in accordance with Local Bankruptcy Rule 2004-1(B), any objection to the relief sought in the Motion must be filed with the Court on or before 7 days from the date of service of the Motion, which is **March 6, 2019, or such shorter time as the Court may hereafter order, and of which you may receive subsequent notice, (the "Objection Deadline")**, you must file with the Court, at the address shown below, a written objection pursuant to Local Bankruptcy Rules 2004-1 and 9013-1 and the Case Management Order:

> Clerk Of the Court
> U.S. Bankruptcy Court
> 701 East Broad Street, Fourth Floor
> Richmond, VA 23219

**PLEASE TAKE NOTICE THAT** you will receive further notice of a hearing, if any, on the Motion. If you fail to file timely a written response and to attend the hearing, if any, even if a response is timely filed, then the Court may consider any objection you may have as waived and enter an order granting the relief requested.

**PLEASE TAKE NOTICE THAT** you should consult the Case Management Order before filing any written objection to the Motion.

**RULE 2004 MOTION OF PAN PACIFIC CO., LTD. FOR AUTHORIZATION TO ISSUE DOCUMENT REQUESTS, NOTICES, AND SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND FOR TESTIMONY BY THE DEBTORS**

Pan Pacific Co., Ltd. ("Pan Pacific"), by and through its undersigned counsel and pursuant to 11 U.S.C. §§ 105(a) and 1109(b) and Rules 2004, 9013, and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2004-1 of the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Virginia, files this motion (the "Motion") seeking entry of an order (the "Order") (i) authorizing Pan Pacific to issue to Gymboree Group, Inc. (together with all debtor affiliates, "Gymboree" or the "Debtors") document requests, notices, and subpoenas *duces tecum*; (ii) compelling the Debtors' responses to such document requests, notices, and subpoenas *duces tecum*; and (iii) compelling the Debtors to provide representative(s) for deposition testimony. In support, Pan Pacific states as follows:

**PRELIMINARY STATEMENT**

1.     Prepetition, in late December 2018, the Debtors induced Pan Pacific to continue to

develop, manufacture, and ship merchandise and apparel through written assurances that, with respect to Janie and Jack®, the Debtors would continue to pay invoices as they came due. With respect to Gymboree® and Crazy 8® branded goods, the Debtors assured Pan Pacific that they would pay Pan Pacific for goods currently being shipped. Relying on that statement, Pan Pacific shipped to the Debtors goods valued at not less than $1.15 million, including goods that the Debtors received within 20 days of the Petition Date. In addition, relying on the same assurances, Pan Pacific committed labor and other additional costs to produce goods valued at not less than $2.05 million, which remain on hand and unsold.

2. At this time, these chapter 11 cases present the distinct possibility of administrative insolvency, including the likelihood that § 503(b)(9) claims may have no recovery. The only filed version of the DIP budget provides no funds for satisfaction of § 503(b)(9) claims, or any other administrative claims regarding merchandise, that may be asserted by Pan Pacific or other vendors.[1] As the Debtors proceed with GOB sales and liquidations of the Crazy 8® and Gymboree® brands and the fate of Janie and Jack® remains uncertain at best, the Debtors owe Pan Pacific over $10 million for goods sold and goods on order. Pan Pacific relied on Gymboree's prepetition statements promising payment when Pan Pacific continued to deliver goods to the Debtors immediately before and during the § 503(b)(9) period.

3. In turn, due to the Debtors' limited solvency, and despite an administrative priority, the DIP facility and the Agency Agreement have subordinated Pan Pacific's rights to proceeds from its merchandise received by the Debtors. Proceeds derived from goods produced and shipped by Pan Pacific will likely be exhausted after paying down the Debtors' secured debt. Accordingly,

---

[1] At the February 15, 2019 hearing, the colloquy concerning the UCC's resolution of the DIP facility indicates that despite requests to include § 503(b)(9) claims in the DIP budget, those requests were denied, and absent a going-concern sale that generates significant proceeds, § 503(b)(9) claimants will derive a recovery, if any, from avoidance action and commercial tort claim proceeds. (Feb. 15, 2019 Hrg. Tr. at 69:14 – 72:18.)

Pan Pacific seeks information, documents, and testimony that relate to the prepetition statements and assurances that the Debtors made to Pan Pacific.

## BACKGROUND

4. On or about December 20, 2018, the Debtors, through Gymboree's Senior Director of Sourcing & Production, Kay Kawamoto, sent to Pan Pacific an e-mail on behalf of herself and Tricia Lesser, Gymboree's Vice President, Global Sourcing and Production, with the subject line "*Gymboree Vendor Update*" (the "12/20 E-Mail"). (**Exhibit A**, attached hereto.) In relevant part, the 12/20 E-Mail states:

> *Our Janie and Jack brand continues to perform well. With your partnership you have continued to provide high quality product that delights our customer.*
>
> *Please continue to ship Spring '19 orders, produce Summer '19 product and cost and develop our Fall '19 product.*
>
> *We will continue to pay invoices as they come due.*
>
> *For our other brands, we want to thank you for your partnership in cancelling Crazy 8 Summer '19 orders and a portion of our Gymboree Summer '19 volume.*
>
> *We will pay for any goods that you are currently shipping and are working with finance to determine payment schedule for overdue invoices.*

(**Ex. A**, at 1.)

5. At a time when the Debtors' were actively seeking debtor-in-possession financing,[2] the 12/20 E-Mail induced Pan Pacific to continue producing and shipping merchandise to the Debtors, across all three of the Debtors' brands.

6. On January 16, 2019 (the "Petition Date"), the first of the Debtors filed its petition for voluntary relief under chapter 11 of title 11 of the U.S. Code (the "Code"). (ECF No. 1.)

---

[2] *See* Lillian Rizzo, *Gymboree Shops For Bankruptcy Financing As It Prepares Filing*, WALL ST. JOURNAL, Dec. 19, 2018, *available at* https://www.wsj.com/articles/gymboree-shops-for-bankruptcy-financing-as-it-prepares-filing-11545267570?mod=mktw.

4

7. On January 23, 2019, the U.S. Trustee appointed the official committee of unsecured creditors (the "UCC"), of which Pan Pacific is a member. (ECF No. 126.)

8. On February 1, 2019, Pan Pacific filed with the Court its *Motion For (1) Adequate Assurance Of Payment, (2) Confirmation That All Post-Petition Goods Delivered To Debtor(s) Shall Be Treated As Allowed Administrative Claims, And (3) Related Relief* (the "Adequate Protection Motion"). (ECF No. 172.)

9. On February 5, 2019, Pan Pacific filed with the Court a *Notice Of Amended Reclamation Demand Of Pan Pacific Co., Ltd.* (the "Amended Reclamation Demand"). (ECF No. 198.) The Amended Reclamation Demand requests reclamation with respect to goods shipped by Pan Pacific in the approximate amount of $2.1 million, which covers goods shipped on and after December 9, 2018. (ECF No. 198.)

10. On February 20, 2019, the Court entered an Agreed Order regarding Pan Pacific's Adequate Protection Motion, which, in summary, authorized Pan Pacific to sell to third-parties Crazy 8 and Gymboree brand merchandise, subject to certain restrictions. (ECF No. 383.)

11. Pan Pacific's unsecured claim totals approximately $10,253,243.45, of which $1,153,780.82 is entitled to administrative priority under § 503(b)(9), as Pan Pacific delivered, and the Debtors received, that value of goods within 20 days of the Petition Date.

**RELIEF REQUESTED**

12. Pan Pacific seeks authority to issue to the Debtors a subopoena *duces tecum*, compelling the Debtors to produce information and documents regarding the following topics:

   a. The identity of all persons that composed the 12/20 E-Mail;
   b. The identity of all persons that approved the 12/20 E-Mail and its statements and content;
   c. The identity of all persons that reviewed any draft(s) of the 12/20 E-Mail;
   d. The identity of all persons or entities that received the 12/20 E-Mail;

5

  e. A description, and copies of, any and all reports, statements, and other documents that substantiate Gymboree's ability "to pay invoices as they come due" regarding Janie and Jack® merchandise;

  f. The identity of all persons or entities that composed, reviewed, and/or received any and all reports, statements, and other documents that substantiate Gymboree's ability "to pay invoices as they come due" regarding Janie and Jack® merchandise;

  g. A description, and copies of, any and all reports, statements, and other documents that substantiate Gymboree's ability to "pay for any goods that you are currently shipping . . ." regarding Crazy 8® and Gymboree® merchandise;

  h. The identity of all persons or entities that composed, reviewed, and/or received any and all reports, statements, and other documents that substantiate Gymboree's ability to "pay for any goods that you are currently shipping . . ." regarding Crazy 8® and Gymboree® merchandise;

  i. Copies of any and all communications and documents from the Debtors, including their agents or their advisors, regarding orders or instructions for goods, merchandise, and apparel sent to Pan Pacific on and after December 20, 2018; and

  j. Copies of any and all communications and correspondence between, on the one hand, the Debtors, including their agents or their advisors, and, on the other hand, third-parties or non-debtor entities regarding the topics described above.

  13. Further, Pan Pacific seeks authority from the Court compelling representative(s) of the Debtors, including any former employee(s) of the Debtors, to provide deposition testimony on or before March 29, 2019 regarding the topics, information, and documents described above.

## **ARGUMENT**

  14. As of the Petition Date, and at the time of filing this Motion, the Debtors' chapter 11 cases present little to no prospects for recovery by Pan Pacific, which, in reliance on the 12/20 E-Mail, shipped apparel and merchandise to the Debtors in the run up to the Petition Date.

  15. In order to further investigate its rights, claims, and defenses, with respect to the Debtors, and potentially other parties-in-interest in these cases, Pan Pacific seeks information and documents that led to the composition and transmission of the 12/20 E-Mail, as described above.

  16. Pursuant to Rule 2004, Pan Pacific seeks information relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may

6

affect the administration of the debtor's estate . . . also relat[ing] to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." Fed R. Bankr. P. 2004(b), (c); *see also In re Almatis*, No. 10-12308, 2010 Bankr. LEXIS 4243, at *3 (Bankr. S.D.N.Y. Nov. 24, 2010) ("The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred."); *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008) (inquiry into any matter that may affect administration of estate "comfortably falls within the allowed limits under Rule 2004(b), that is, an inquiry into the liability of the respective debtor(s) and into any matter which may affect the administration of their respective estates"); *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) ("The purpose of a Rule 2004 examination is to determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors."); *In re Symington*, 209 B.R. 678, 684 (Bankr. D. Md. 1997) (Rule 2004's "obvious purposes are the discovery of assets of the estate and the exposure of fraudulent conduct.").

17.  Rule 2004 affords parties and creditors broad authority for pre-litigation discovery. *See generally In re Wilson*, 413 B.R. 300, 336 (Bankr. E.D. La. 2009). "Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure, and has fewer procedural safeguards." *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); *see also In re Yahweh Center, Inc.*, No. 16-04306-5, 2017 Bankr. LEXIS 193, at *1 (Bankr. E.D.N.C. 2017) (noting that "scope of inquiry permitted under Rule 2004 is very broad, practically unrestricted by the usual concepts of materiality and relevance"); *In re Whitley*, No. 10-10426C-

7

7G, 2011 Bankr. LEXIS 4793, at *6-7 (M.D. N.C. Dec. 13, 2011) (noting that a "Rule 2004 examination has long been considered a lawful 'fishing expedition.'") (internal citations omitted); *see also Sweetland v. Szadkowski* (*In re Szadkowski*), 198 B.R. 140, 141 (Bankr. D. Md.) ("A Rule 2004 examination allows a broad 'fishing expedition' into an entity's affairs for the purpose of obtaining information relevant to the administration of the bankruptcy estate."). The Court also has the authority to require compliance with Rule 2004 subpoenas on an expedited basis. *See, e.g., In re Mirant Corp.*, 326 B.R. 354, 356 (Bankr. N.D. Tex. 2005).

18. Here, Gymboree's 12/20 E-Mail induced Pan Pacific to continue to develop, manufacture, and ship merchandise to the Debtors. Gymboree assured Pan Pacific of payment with respect to the Janie and Jack® brand goods. Now, Pan Pacific may receive no payment with respect to those goods. Accordingly, Rule 2004 entitles Pan Pacific to investigate the Debtors' liabilities and financial condition in the context of the 12/20 E-Mail, and the acts and conduct of the Debtors at that time. The same is true with respect to Gymboree's assurance that it would pay for Crazy 8® and Gymboree® brand goods that were being shipped at that time.

19. Further, as these chapter 11 cases teeter on the edge of administrative insolvency, and there is doubt whether administrative claims may be paid in full, these matters implicate the Debtors' ability to consummate a plan. *See* 11 U.S.C. § 1129(a)(9)(A). Accordingly, these matters affect and implicate the administration of the Debtors' estates. In short, Rule 2004 authorizes the relief that Pan Pacific seeks in this Motion.

## **NOTICE**

20. Notice of this Motion has been provided in accordance with the Court's Case Management Order. (ECF No. 78.)

## NO PRIOR REQUEST

21. Pan Pacific has made no prior request for the relief sought in this Motion.

## CONCLUSION

22. Pan Pacific reserves all rights, claims, and defenses, including, without limitation, its rights under 11 U.S.C. §§ 361, 362, 363, 503, 510, 1112, and 1129 and Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure. Nothing herein shall be construed as a waiver of, or otherwise prejudice, Pan Pacific's rights, claims, or defenses with respect to any matters or parties in interest.

**WHEREFORE**, Pan Pacific respectfully requests that the Motion be granted in its entirety, that the Court enter an Order substantially in the form attached hereto as **Exhibit B**, and that Pan Pacific be awarded such other relief that the Court deems proper.

DATED: February 27, 2019                PAN PACIFIC CO., LTD.

/s/ James Donaldson
James K. Donaldson, Esq. (VSB No. 80307)
Vandeventer Black LLP
Riverfront Plaza – West Tower
901 East Byrd Street, Suite 1600
Richmond, VA 23219
(804) 237-8800 (telephone)
(804) 237-8801 (facsimile)
jdonaldson@vanblacklaw.com

- and -

James Till, Esq. (admitted *pro hac vice*)
LimNexus LLP
707 Wilshire Boulevard, Suite 4600
Los Angeles, CA 90017
(213) 955-9500 (telephone)
(213) 955-9511 (facsimile)
James.Till@limnexus.com

*Counsel for Pan Pacific Co., Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was served in accordance with the Case Management Order, including via first class, U.S. Mail, CM/ECF Notification and/or electronic means on February 27, 2019 to the following parties:

Michael Condyles, Esq.
Peter Barrett, Esq.
Jeremy Williams, Esq.
Brian Richardson, Esq.
Kutak Rock LLP
901 East Byrd Street, Suite 1000
Richmond, VA 23219

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee- Region 4
701 East Broad Street, Suite 4304
Richmond, VA 23219

Dion Hayes, Esq.
Douglas Foley, Esq.
Sarah Boehm, Esq.
McGuireWoods LLP
800 East Canal Street
Richmond, VA 23219

Tyler P. Brown, Esq.
Justin F. Paget, Esq.
Hunton Andrews Kurth LLP
Riverfront Plaza – East Tower
951 East Byrd Street
Richmond, VA 23219

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017-2024

Dennis F. Dunne, Esq.
Evan R. Fleck, Esq.
Michael W. Price, Esq.
Milbank LLP
55 Hudson Yards
New York, NY 10001

Austin Jowers, Esq.
Christopher Boies, Esq.
King & Spalding, LLP
1185 Avenue of the Americas
New York, NY 10036-4003

Julia Frost-Davies, Esq.
Amelia C. Joiner, Esq.
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02110-1726

Christopher A. Jones, Esq.
Michael E. Hastings, Esq.
Jennifer E. Wuebker, Esq.
Whiteford, Taylor & Preston, LLP
901 E. Cary Street, Suite 500
Richmond, VA 23219

Jeffrey N. Pomerantz, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067-4100

Gymboree Group, Inc.
ATTN: Kimberly H. MacMillan, Esq.
71 Stevenson Street, Suite 2200
San Francisco, CA 94105

/s/  James Donaldson

## EXHIBIT A - 12/20 E-MAIL

Case 19-30258-KLP    Doc 439    Filed 02/27/19    Entered 02/27/19 19:01:34    Desc Main
Document    Page 11 of 16

**EXHIBIT A - 12/20 E-MAIL**

# Jed Donaldson

| | |
|---|---|
| **From:** | Kay Kawamoto <Kay_Kawamoto@gymboree.com> |
| **Sent:** | Thursday, December 20, 2018 6:26 PM |
| **Cc:** | Tricia Lesser |
| **Subject:** | Gymboree Vendor Update |
| **Follow Up Flag:** | ?? ?? |
| **Flag Status:** | Flagged |

To Our Valued Vendors,

Tricia and I want to provide you with an update.

Our Janie and Jack brand continues to perform well. With your partnership you have continued to provide high quality product that delights our customer.
Please continue to ship Spring '19 orders, produce Summer '19 product and cost and develop our Fall '19 product.
We will continue to pay invoices as they come due.

For our other brands, we want to thank you for your partnership in cancelling Crazy 8 Summer '19 orders and a portion of our Gymboree Summer '19 volume.
We will pay for any goods that you are currently shipping and are working with finance to determine payment schedule for overdue invoices.

If you would like to connect, please don't hesitate to call or email.
Thank you for your continued support.

Sincerely,
Kay Kawamoto

**Kay Kawamoto**
Senior Director
Sourcing & Production | Wovens
(415) 278-7230

GYMBOREE **GROUP**
71 Stevenson Street, Suite 2200 | San Francisco, CA 94105

_____
This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com
_____

**<u>EXHIBIT B – PROPOSED ORDER</u>**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| *In re:* | ) | Chapter 11 |
|  | ) |  |
| Gymboree Group, Inc., *et al.*, | ) |  |
|  | ) |  |
| *Debtors.* | ) | Case No. 19-30258-KLP (Joint Administration) |
|  | ) |  |

**ORDER GRANTING RULE 2004 MOTION OF PAN PACIFIC CO., LTD. FOR AUTHORIZATION TO ISSUE DOCUMENT REQUESTS, NOTICES, AND SUBPOENAS FOR THE PRODUCTION OF
DOCUMENTS AND FOR TESTIMONY BY THE DEBTORS**

This matter is before the Court on Pan Pacific Co., Ltd.'s ("Pan Pacific") "*Rule 2004 Motion Of Pan Pacific Co., Ltd. For Authorization To Issue Document Requests, Notices, And Subpoenas For The Production Of Documents And For Testimony By The Debtors*" (the "Motion"; ECF No. _), filed with the Court on February 27, 2019, and seeking relief pursuant to 11 U.S.C. § 105(a) and Rules 2004, 9013, and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Virginia, as further described in the Motion; and the Court having jurisdiction to consider the Motion and relief requested under 28 U.S.C. §§ 157 and 1334; and that the Court may enter this Order on a final basis under Article III of the U.S. Constitution; and in consideration that the Motion and relief requested presents a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and no other or further notice needing to

---

James K. Donaldson, Esq. (VSB No. 80307)  
Vandeventer Black LLP  
Riverfront Plaza – West Tower  
901 East Byrd Street, Suite 1600  
Richmond, VA 23219  
(804) 237-8800 (telephone)  
(804) 237-8801 (facsimile)  
jdonaldson@vanblacklaw.com  
*Counsel to Pan Pacific Co., Ltd.*

James Till, Esq. (admitted *pro hac vice*)  
LimNexus LLP  
707 Wilshire Boulevard, Suite 4600  
Los Angeles, CA 90017  
(213) 955-9500 (telephone)  
(213) 955-9511 (facsimile)  
James.Till@limnexus.com  
*Counsel to Pan Pacific Co., Ltd.*

be provided; and, the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, which relief is fair and equitable; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY ORDERS AS FOLLOWS**:[1]

1.  The relief requested in the Motion is GRANTED, as set forth in this Order. Pan Pacific is authorized, but not directed, to issue subpoenas *duces tecum*, take depositions, and conduct such other discovery as may be necessary in order to obtain information, documents, and communications in connection with the 12/20 E-Mail, as described in the Motion.

2.  The Debtors are compelled to produce to Pan Pacific documents responsive to any such requests and/or subpoenas on or before 10 days after the date of service thereof.

3.  A representative(s) of the Debtors, including any former employee(s) of the Debtors, shall provide deposition testimony regarding the topics, information, and documents described in the Motion on or before March 29, 2019.

4.  Any objections to the relief sought in the Motion and granted in this Order that have not been adjourned, overruled, withdrawn, or resolved are overruled and denied in all respects on the merits.

5.  This Court shall retain exclusive jurisdiction with respect to any dispute arising under, arising from, or related to this Order, and the implementation and interpretation of its terms.

6.  Pan Pacific and the Debtors are authorized to take any steps necessary to implement the terms of this Order.

---

[1] Where appropriate, conclusions of law shall be construed as findings of fact, and findings of fact shall be construed as conclusions of law. *See* Fed. R. Bankr. P. 7052.

2

7. Any stay that would otherwise delay the effectiveness of this Order is hereby WAIVED, and this Order shall be effective immediately upon entry on the Court's Docket.

DATED:

_____
U.S. BANKRUPTCY JUDGE

ENTERED ON DOCKET:

*I Ask For This*:

/s/
James K. Donaldson, Esq. (VSB No. 80307)
Vandeventer Black LLP
Riverfront Plaza – West Tower
901 East Byrd Street, Suite 1600
Richmond, VA 23219
(804) 237-8800 (telephone)
(804) 237-8801 (facsimile)
jdonaldson@vanblacklaw.com

- and -

James Till, Esq. (admitted *pro hac vice*)
LimNexus LLP
707 Wilshire Boulevard, Suite 4600
Los Angeles, CA 90017
(213) 955-9500 (telephone)
(213) 955-9511 (facsimile)
James.Till@limnexus.com
*Counsel for Pan Pacific Co., Ltd.*

## **CERTIFICATION**

The undersigned certifies that the foregoing Order has been endorsed by, or served on, all necessary parties under Local Bankruptcy Rule 9022-1(C)(1).

February _, 2019                                                                                          /s/

4849-4896-9097, v. 6