Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219

Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192

*Co-Counsel for Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| GYMBOREE GROUP, INC., *et al.*,[1] | Case No. 19-30258 (KLP) |
| Debtors. | (Jointly Administered) |

## NOTICE OF REJECTION OF CERTAIN UNEXPIRED LEASES AND
## ABANDONMENT OF PERSONAL PROPERTY

**PLEASE TAKE NOTICE THAT** on January 16, 2019, the above-captioned debtors (collectively, the "Debtors") filed petitions for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Virginia.

**PLEASE TAKE FURTHER NOTICE THAT your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.

**PLEASE TAKE FURTHER NOTICE THAT** on February 20, 2019, the Bankruptcy Court entered an order (the "Rejection Procedures Order"),[2] approving expedited procedures for rejecting unexpired leases of nonresidential real property (the "Rejection Procedures") [Docket No. 381]. A copy of the Rejection Procedures Order is attached hereto as **Attachment I**. Pursuant

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Gymboree Group, Inc. (6587); Gymboree Intermediate Corporation (1473); Gymboree Holding Corporation (0315); Gymboree Wholesale, Inc. (6588); Gym-Mark, Inc. (6459); Gymboree Operations, Inc. (6463); Gymboree Distribution, Inc. (8669); Gymboree Manufacturing, Inc. (6464); Gymboree Retail Stores, LLC (6461); Gym-Card, LLC (5720); and Gymboree Island, LLC (1215).  The Debtors' service address is 71 Stevenson Street, Suite 2200, San Francisco, California 94105.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Rejection Procedures Order.

to the Rejection Procedures Order, the Debtors hereby notify you that the unexpired leases (each, a "Designated Lease") set forth on **Attachment II** hereto are rejected by the Debtors, effective as of the date set forth on **Attachment II** or as otherwise determined in accordance with the Rejection Procedures (the "Effective Date").  The Debtors intend to abandon the De Minimis Assets described on **Attachment II** at the leased premises.  If not removed from the leased premises by the Effective Date, such De Minimis Assets will be deemed abandoned.

**PLEASE TAKE FURTHER NOTICE THAT** if you wish to object to the rejection of any Designated Lease, you must file such objection with the Court at the following address: U.S. Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, Attn: Clerk of Court, and serve it on the following parties such that it is **actually received by no later than 10 days after you receive this Rejection Notice**:

a.  counsel for the Debtors: Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attn: Dennis F. Dunne, Esq., Evan R. Fleck, Esq., and Michael W. Price, Esq. and Kutak Rock LLP, 901 East Byrd Street, Suite 1000, Richmond, VA 23219, Attn: Michael A. Condyles, Esq., Peter J. Barrett, Esq., Jeremy S. Williams, Esq., and Brian H. Richardson, Esq.;

b.  the Office of the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee"), 701 East Broad Street, 4th Floor, Richmond, Virginia 23219, Attn: Robert B. Van Arsdale, Esq.;

c.  counsel to the Committee, Pachulski Stang Ziehl & Jones, 780 Third Avenue, 34th Floor, New York, New York 10017; Attn: Robert J. Feinstein, Esq., Bradford J. Sandler, Esq.;

d.  co-counsel to the Committee, Whiteford Taylor & Preston, LLP, 3190 Fairview Park Dr., Suite 800, Falls Church, Virginia 22042, Attn: Christopher A. Jones, Esq.;

e.  counsel to the Debtors' proposed postpetition secured lenders, King & Spalding LLP, 1185 Avenue of the Americas, New York, New York 10036, Attn: W. Austin Jowers, Esq., and Christopher G. Boies, Esq.;

f.  co-counsel to the Debtors' proposed postpetition secured lenders, McGuireWoods LLP, 800 East Canal Street, Richmond, Virginia 23219, Attn: Dion W. Hayes, Esq., Douglas M. Foley, Esq., and Sarah B. Boehm, Esq.;

g.  co-counsel to Bank of America, N.A. as administrative agent under the ABL Credit Agreement, Morgan, Lewis & Bockius LLP, One Federal St., Boston, MA 02110-1726, Attn:  Julia Frost-Davies, Esq. and Amelia C. Joiner, Esq. and co-counsel Hunton Andrews Kurth LLP, 951 East Byrd Street, Richmond, Virginia 23219, Attn: Tyler P. Brown, Esq. and Justin F. Paget, Esq.;

      h.      counsel to Goldman Sachs Specialty Lending Group, L.P. as administrative and collateral agent; and

      i.      any banking or financial institution that holds the Debtors' accounts.

**PLEASE TAKE FURTHER NOTICE THAT** if you do not timely file and serve a written objection to the rejection of a Designated Lease, the Court may deem any objection waived, treat the rejection as conceded and enter an order, substantially in the form attached hereto as **Attachment III** (the "Rejection Order"), granting the relief requested in this Rejection Notice without further notice or a hearing.

**PLEASE TAKE FURTHER NOTICE THAT** if an objection to the rejection of any Designated Lease is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection; provided that if such objection is filed with respect to the effective date of rejection of a Designated Lease, the Rejection Procedures shall not prejudice any parties' rights with respect to such effective date of rejection, and each party's burden with respect thereto shall be the same as if the Rejection Procedures did not exist.  If such objection is overruled or withdrawn, the applicable Designated Lease shall be rejected with the effective date of such rejection to be as set forth above.

**PLEASE TAKE FURTHER NOTICE THAT** if no party files an objection to the rejection of a Designated Lease within 10 days of the date the Debtors serve the Rejection Notice, the Debtors shall file a certificate of no objection and a Rejection Order authorizing the rejection of the Designated Leases, with the effective date of such rejection to be as set forth above.

**PLEASE TAKE FURTHER NOTICE THAT** if the Debtors have deposited property with the counterparty to a Designated Lease as a security deposit or other arrangement, such counterparty may not set off or otherwise use such deposit without prior authorization of the Court; *provided*, *however*, that the rights of a counterparty to a Designated Lease to exercise its recoupment right under applicable law are not affected.

**PLEASE TAKE FURTHER NOTICE THAT**, any counterparty with a claim arising as a result of the rejection of a Designated Lease must file a proof of claim on or before the Rejection Claim Bar Date.

*[Remainder of page intentionally left blank]*

Dated:  March 4, 2019                    */s/ Brian H. Richardson*
Richmond, Virginia                       Michael A. Condyles, Esq. (VA 27807)
                                         Peter J. Barrett, Esq. (VA 46179)
                                         Jeremy S. Williams, Esq. (VA 77469)
                                         Brian H. Richardson, Esq. (VA 92477)
                                         **KUTAK ROCK LLP**
                                         901 East Byrd Street, Suite 1000
                                         Richmond, Virginia 23219-4071
                                         Telephone:    (804) 644-1700
                                         Facsimile:    (804) 783-6192
                                         Email:    Michael.Condyles@KutakRock.com
                                                   Peter.Barrett@KutakRock.com
                                                   Jeremy.Williams@KutakRock.com
                                                   Brian.Richardson@KutakRock.com

                                         -and-

                                         Dennis F. Dunne, Esq. (admitted *pro hac vice*)
                                         Evan R. Fleck, Esq. (admitted *pro hac vice*)
                                         Michael W. Price, Esq. (admitted *pro hac vice*)
                                         **MILBANK LLP**
                                         55 Hudson Yards
                                         New York, New York 10001
                                         Telephone:    (212) 530-5000
                                         Facsimile:    (212) 530-5219
                                         Email:    ddunne@milbank.com
                                                   efleck@milbank.com
                                                   mprice@milbank.com

                                         *Co-Counsel for Debtors in Possession*

## **Attachment I**

## **Rejection Procedures Order**

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq. (admitted *pro hac vice*)
**MILBANK, TWEED, HADLEY & M$^C$CLOY LLP**
28 Liberty Street
New York, New York 10005
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219

Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192

*Proposed Co-Counsel for Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GYMBOREE GROUP, INC., *et al.*,[1] | ) | Case No. 19-30258 (KLP) |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| | ) | |

## ORDER AUTHORIZING EXPEDITED PROCEDURES FOR REJECTING
## UNEXPIRED LEASES AND ABANDONMENT OF PERSONAL PROPERTY

Upon the motion (the "Motion")[2] of the above-captioned Debtors for entry of an order authorizing expedited procedures for rejecting unexpired leases of nonresidential real property and abandonment of certain personal property, all as more fully set forth in the Motion; and upon the Motion and the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984; and this Court

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Gymboree Group, Inc. (6587); Gymboree Intermediate Corporation (1473); Gymboree Holding Corporation (0315); Gymboree Wholesale, Inc. (6588); Gym-Mark, Inc. (6459); Gymboree Operations, Inc. (6463); Gymboree Distribution, Inc. (8669); Gymboree Manufacturing, Inc. (6464); Gymboree Retail Stores, LLC (6461); Gym-Card, LLC (5720); and Gymboree Island, LLC (1215).  The Debtors' service address is 71 Stevenson Street, Suite 2200, San Francisco, California 94105.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having authority to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion is appropriate under the circumstances and that no other notice need be provided; and upon all of the proceedings had before this Court; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Motion is granted in its entirety as set forth herein.

2.      The Rejection Procedures as set forth on **<u>Exhibit 1</u>** attached hereto are approved.

3.      The Debtors are authorized, in their sole discretion, to reject the Designated Leases in accordance with the Rejection Procedures.

4.      Counterparties to the Designated Leases shall be prohibited from setting off or otherwise using security deposits or overpayments to reduce their claims against the Debtors without prior court approval.

5.      The form of Rejection Notice attached as **<u>Exhibit B</u>** to the *Notice of Filing of Revised Proposed Order Authorizing Expedited Procedures for Rejecting Unexpired Leases and Abandonment of Personal Property* [Docket No. 284] is approved and deemed adequate under Federal Rule of Bankruptcy Procedure 6006.

6.      The Debtors shall, to the best of their ability, provide notice of abandonment of any De Minimis Assets, consisting of furniture, fixtures, equipment, inventory and other personal property remaining at any of the leased premises subject to a Designated Lease after the effective date of the rejection of such Designated Lease to the applicable Counterparty at the notice addresses specified in such lease and/or its counsel (if known) and to any party with a known

2

interest in the De Minimis Assets (each, the "Interested Party") before or contemporaneously

with the Rejection Notice.  The Debtors will endeavor to provide such notice to each Interested

Party prior to the effective date of rejection of the applicable Designated Lease, specifying that

each Interested Party must retrieve the applicable De Minimis Assets and providing each

Interested Party an opportunity to do so prior to the effective date of rejection.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted by this Order.

8.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the interpretation or implementation of this Order.

Dated: Feb 19 2019                                                   /s/ Keith L. Phillips
Richmond, Virginia                                          UNITED STATES BANKRUPTCY JUDGE


Entered on Docket:  Feb 20 2019

3

WE ASK FOR THIS:

*/s/ Michael A. Condyles*
Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192

- and -

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq. (admitted *pro hac vice*)
**MILBANK, TWEED, HADLEY & M^CCLOY LLP**
28 Liberty Street
New York, New York 10005
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219

*Proposed Co-Counsel for Debtors in Possession*

<u>CERTIFICATION OF ENDORSEMENT</u>
<u>UNDER LOCAL BANKRUPTCY RULE 9022-1(C)</u>

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Michael A. Condyles*

## Exhibit 1

**Revised Rejection Procedures**

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq. (admitted *pro hac vice*)
**MILBANK, TWEED, HADLEY & MᶜCLOY LLP**
28 Liberty Street
New York, New York 10005
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219

Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192

*Proposed Co-Counsel for Debtors in Possession*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| GYMBOREE GROUP, INC., *et al.*,[1] | ) | Case No. 19-30258 (KLP) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

### PROCEDURES FOR REJECTING UNEXPIRED LEASES

On _____, 2019, this Court entered the *Order Authorizing Expedited Procedures for Rejecting Unexpired Leases and Abandonment of Personal Property* [Docket No. ___] (the "Order").  Pursuant to the Order, the following Rejection Procedures have been approved for the rejection of any of the Debtors' unexpired leases of nonresidential real property during the pendency of the above-captioned cases.

1.    The Debtors shall file a written notice (each, a "Rejection Notice") of their decision to reject any lease of nonresidential real property (each, a "Designated Lease") and shall serve such Rejection Notice together with a proposed order authorizing the rejection of Designated Lease(s) substantially in the form of **Exhibit 2** attached to the Order (each, a "Rejection Order"), as by overnight delivery upon:

---
[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Gymboree Group, Inc. (6587); Gymboree Intermediate Corporation (1473); Gymboree Holding Corporation (0315); Gymboree Wholesale, Inc. (6588); Gym-Mark, Inc. (6459); Gymboree Operations, Inc. (6463); Gymboree Distribution, Inc. (8669); Gymboree Manufacturing, Inc. (6464); Gymboree Retail Stores, LLC (6461); Gym-Card, LLC (5720); and Gymboree Island, LLC (1215).  The Debtors' service address is 71 Stevenson Street, Suite 2200, San Francisco, California 94105.

a. the counterparty to such Designated Lease (each, a "Counterparty") at the notice address(es) specified in such lease and the Counterparty's counsel of record (if known);

b. other parties that may have an interest in such Designated Lease, and third parties who to the Debtors' knowledge have an interest in the Abandoned Property (together with the applicable Counterparty, each a "Notice Party," and collectively, the "Notice Parties"); and

c. the Core Group (as defined in the Notice, Case Management, and Administrative Procedures established by the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 78] entered on January 17, 2019.

2. The Rejection Notice shall set forth the following information to the best of the Debtors' knowledge, as applicable:

a. identification of the Designated Lease, including the street address, mail name and/or center name of the real property that is the subject of such Designated Lease;

b. a description of the deadlines and procedures for filing objections to the rejection of the Designated Lease;

c. the effective date of the proposed rejection of the Designated Lease; and

d. if the Debtors intend to abandon any personal property on the applicable leased premises (the "Abandoned Property"), a general description of the type(s) of such property and that such property is abandoned if not removed by the effective date of the rejection of the Designated Lease, including any property in which a third party has an interest.

3. If a Notice Party wishes to object to the rejection of the applicable Designated Lease or abandonment of the applicable Abandoned Property, such objections must be filed with the Court and received by the Core Group, whose addresses will be included in the Rejection Notice, no later than 10 days after the date of filing and service of the applicable Rejection Notice.

4. If no Notice Party files an objection within 10 days after the date the Debtors file and serve a Rejection Notice, the Debtors shall file a certificate of no objection and a proposed Rejection Order authorizing (i) the rejection of all Designated Leases listed on the Rejection Notice and (ii) the abandonment of all related Abandoned Property, in each case, with regard to which no objection was timely filed, with the effective date of such rejection and abandonment to be as set forth in the Rejection Notice; *provided, however*, that the effective date of rejection of a Designated Lease shall not occur until the later of (i) the date set forth in the Rejection Notice, which shall be no earlier than the date the Rejection Notice is filed, or (ii) the date the Debtors relinquish control of the premises (including by (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, keys codes, and security codes, if any, are not available, but the

landlord may rekey the leased premises); *provided*, *further*, that the Debtors and the applicable Notice Party may agree to different or additional provisions in such order which affect only such parties.

5.    If an objection is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection; *provided* that if such objection is filed with respect to the effective date of rejection of a Designated Lease, these Rejection Procedures shall not prejudice any parties' rights with respect to such effective date of rejection, and each party's burden with respect thereto shall be the same as if these Rejection Procedures did not exist.  If such objection is overruled or withdrawn, the applicable Designated Lease shall be rejected, and the effective date of such rejection shall be (i) as agreed by the Debtors and the applicable Counterparty or (ii) as otherwise determined by the Court.  After any such objections are disposed of, the Debtors will submit a Rejection Order, which may be conformed to address the disposition of such objections.

6.    If the Debtors have deposited property with the Counterparty as a security deposit or other arrangement, such Counterparty may not set off or otherwise use such deposit or any overpayment without prior authorization by the Court; *provided*, *however*, that these Rejection Procedures shall not impair the rights of a Counterparty to exercise its recoupment rights under applicable law.

7.    Each Counterparty to a Designated Lease that has been rejected shall file a proof of claim arising from such rejection by the later of: (i) the deadline established in these cases for the filing of proofs of claim by all creditors; (ii) 30 days after the date the order authorizing the rejection of such Designated Lease is entered by the Court; or (iii) 30 days after the effective date of the rejection.

8.    The Debtors are authorized, but not directed, at any time on or before the applicable effective date of rejection, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a Designated Lease; *provided*, that the Debtors shall utilize commercially reasonable efforts to remove or cause to be removed any hazardous materials or personal identifying information from any property sold or abandoned.  Following the effective date of rejection of a Designated Lease, Counterparties may, in their sole discretion and without further notice or order of the Court, utilize and/or dispose of Abandoned Property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

**<u>Attachment II</u>**

**Designated Leases**

**Attachment II**

**Rejected Leases[1]**

| Landlord Counter Party | Debtor Counterparty | Address of Leased Property | Notice Address | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|---|
| Kahala Center Company | Gymboree Retail Stores, LLC (f/k/a Gymboree Retail Stores, Inc.) | 4211 Waialae Ave., Honolulu, HI 96816 | Kahala Center Company c/o MMI Realty Services, Inc. 200 South Los Robles Avenue, Suite 510 Pasadena, CA 91101

Kahala Center Company c/o MMI Realty Services, Inc. 4211 Waialae Avenue, Suite #33 Honolulu, HI 96816

Christian & Barton, LLP 909 East Main Street, Suite 1200 Richmond, VA 23219 Attn: Augustus C. Epps, Jr., Esq., Michael D. Mueller, Esq., Jennifer M. McLemore, Esq., and Bennett T. W. Eastham, Esq.

Hanson Bridgett LLP 425 Market Street, 26th Floor San Francisco, CA 94105 Attn: Nancy J. Newman, Esq. | De Minimis Assets that will be abandoned include all of the following and similar types of property that may be on premises as of the effective date of rejection: shelving and storage units, fixtures, packaging materials, signage, furniture, handcarts and other warehousing materials, clothing, inventory, returned or damaged merchandise, computers, cash registers, paint cans and related equipment, lumber, tools, spackle, drywall, unused construction supplies, etc. | 3/18/2019 |

---

[1] Notwithstanding the inclusion of a Lease on this **Attachment II**, the Debtors reserve the right to remove any such Lease or otherwise modify its treatment until the Rejection Date.  In such case, the Debtor will promptly notice the Lease counterparty of such action.

| Landlord Counter Party | Debtor Counterparty | Address of Leased Property | Notice Address | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|---|
| Tysons Corner Holdings LLC | Gymboree Retail Stores, LLC | 8080L Tyson's Corner Center, McLean, VA 22102 | Tysons Corner Holdings LLC<br>1906 Chain Bridge Road, Suite 105<br>Mclean, VA 22102, Attn: Center Manager<br><br>Tysons Corner Holdings LLC<br>c/o Macerich, P.O Box 2172<br>401 Wilshire Blvd., Suite 700<br>Santa Monica, CA 90407<br>Attn: Legal Dept.<br><br>Ballard Spahr LLP,<br>2029 Century Park East, Suite 800, Los Angeles, CA 90067<br>Attn: Dustin P. Branch, Esq.<br><br>Christian & Barton, LLP<br>909 East Main Street, Suite 1200<br>Richmond, VA 23219<br>Attn: Augustus C. Epps, Jr., Esq., Michael D. Mueller, Esq., Jennifer M. McLemore, Esq., and Bennett T. W. Eastham, Esq. | De Minimis Assets that will be abandoned include all of the following and similar types of property that may be on premises as of the effective date of rejection: shelving and storage units, fixtures, packaging materials, signage, furniture, handcarts and other warehousing materials, clothing, inventory, returned or damaged merchandise, computers, cash registers, paint cans and related equipment, lumber, tools, spackle, drywall, unused construction supplies, etc. | 3/18/2019 |
| Northwestern Simon, Inc. | Gymboree Retail Stores, LLC | 320 W. 5th Anchorage, Anchorage, AK 99501 | Northwestern Simon, Inc.<br>c/o M.S. Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204<br><br>Simon Property Group, L.P.<br>Attn: Ronald M. Tucker, Esq.<br>225 West Washington Street<br>Indianapolis, IN 46204 | De Minimis Assets that will be abandoned include all of the following and similar types of property that may be on premises as of the effective date of rejection: shelving and storage units, fixtures, packaging materials, signage, furniture, handcarts and other warehousing materials, clothing, inventory, returned or damaged merchandise, computers, cash registers, paint cans and related equipment, lumber, tools, spackle, drywall, unused construction supplies, etc. | 3/18/2019 |

| Landlord Counter Party | Debtor Counterparty | Address of Leased Property | Notice Address | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|---|
| Jordan Creek Town Center, LLC | Gymboree Retail Stores, LLC | 101 Jordan Creek Parkway, W. Des Moines, IA 50266 | Jordan Creek Town Center c/o GGP Jordan Creek L.L.C. 350 N. Orleans St., Suite 300 Chicago, IL 60654 Attn: Law/Lease Administration Dept. <br><br>Jordan Creek Mall 101 Jordan Creek Parkway, Suite #12518 West Des Moines, IA 50266 Attn: General Manager <br><br>Brookfield Property REIT, Inc., as Agent 350 N. Orleans Street, Suite 300 Chicago, IL 60654 Attn: Kristen N. Pate, Esq. <br><br>Kelley Drye & Warren LLP 101 Park Avenue New York, NY 10178 Attn: Robert L. LeHane, Esq. | De Minimis Assets that will be abandoned include all of the following and similar types of property that may be on premises as of the effective date of rejection: shelving and storage units, fixtures, packaging materials, signage, furniture, handcarts and other warehousing materials, clothing, inventory, returned or damaged merchandise, computers, cash registers, paint cans and related equipment, lumber, tools, spackle, drywall, unused construction supplies, etc. | 3/18/2019 |
| Northpark Mall/Joplin, LLC | Gymboree Retail Stores, LLC (f/k/a Gymboree Retail Stores, Inc.) | 101 North Rangeline Road, Joplin, MO 64801 | CBL & Associates Management, Inc. CBL Center, Suite 500 2030 Hamilton Place Blvd. Chattanooga, TN 37421 <br><br>Husch Blackwell LLP 750 17th St., NW, Suite 900 Washington, DC 20006 Attn: Steven A. Neeley <br><br>Husch Blackwell LLP 736 Georgia Avenue, Suite 300 Chattanooga, TN 37402 Attn: Caleb T. Holzaepfel | De Minimis Assets that will be abandoned include all of the following and similar types of property that may be on premises as of the effective date of rejection: shelving and storage units, fixtures, packaging materials, signage, furniture, handcarts and other warehousing materials, clothing, inventory, returned or damaged merchandise, computers, cash registers, paint cans and related equipment, lumber, tools, spackle, drywall, unused construction supplies, etc. | 3/18/2019 |

| Landlord Counter Party | Debtor Counterparty | Address of Leased Property | Notice Address | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|---|
| Mall at Summit, LLC | Gymboree Retail Stores, LLC | 3265 West Market St., Akron, OH 44333 | Mall at Summit, LLC c/o M.S. Management Associates Inc. 225 West Washington Street Indianapolis, IN 46204<br><br>Simon Property Group, L.P. Attn: Ronald M. Tucker, Esq. 225 West Washington Street Indianapolis, IN 46204 | De Minimis Assets that will be abandoned include all of the following and similar types of property that may be on premises as of the effective date of rejection: shelving and storage units, fixtures, packaging materials, signage, furniture, handcarts and other warehousing materials, clothing, inventory, returned or damaged merchandise, computers, cash registers, paint cans and related equipment, lumber, tools, spackle, drywall, unused construction supplies, etc. | 3/18/2019 |

## **Attachment III**

### **Rejection Order**

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219

Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192

*Co-Counsel for Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GYMBOREE GROUP, INC., *et al.*,[1] | ) | Case No. 19-30258 (KLP) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

### ORDER AUTHORIZING THE REJECTION OF UNEXPIRED LEASES AND ABANDONMENT OF PERSONAL PROPERTY ON NOTICE FILED

Upon (a) the entry of an order approving expedited procedures for rejecting unexpired

leases in the above-captioned cases [Docket No. 381] (the "Rejection Procedures Order")[2] and (b)

the notice of rejection of certain unexpired leases of nonresidential real property (each, a

"Designated Lease" and collectively, the "Designated Leases") abandonment of certain personal

property (the "De Minimis Assets") filed by the above-captioned debtors in possession (the

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Gymboree Group, Inc. (6587); Gymboree Intermediate Corporation (1473); Gymboree Holding Corporation (0315); Gymboree Wholesale, Inc. (6588); Gym-Mark, Inc. (6459); Gymboree Operations, Inc. (6463); Gymboree Distribution, Inc. (8669); Gymboree Manufacturing, Inc. (6464); Gymboree Retail Stores, LLC (6461); Gym-Card, LLC (5720); and Gymboree Island, LLC (1215).  The Debtors' service address is 71 Stevenson Street, Suite 2200, San Francisco, California 94105.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Rejection Procedures Order.

"Debtors") on _____ [Docket No. __] (the "Rejection Notice"); and this Court

having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order*

*of Reference from the United States District Court for the Eastern District of Virginia*, dated

July 10, 1984; and this Court having authority to enter a final order consistent with Article III of

the United States Constitution; and this Court having found that venue is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and this Court having found that notice of the rejection of the Designated

Leases and abandonment of the De Minimis Assets is appropriate under the circumstances and that

no other notice need be provided; and upon all of the proceedings had before this Court; and this

Court having found that the relief requested in the Motion is in the best interests of the Debtors'

estates, their creditors, and other parties-in-interest; and after due deliberation and sufficient cause

appearing therefor, it is **HEREBY ORDERED THAT**:

1.     The Designated Leases listed on **Exhibit A** to this Order are rejected effective as

of the later of (i) the date set forth in **Exhibit A**, which shall be no earlier than the date the Rejection

Notice was filed, or (ii) the date the Debtors relinquish control of the premises (including by (A)

turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying

the affected landlord in writing that the keys, keys codes, and security codes, if any, are not

available, but the landlord may rekey the leased premises).

2.     The Debtors do not waive any claims that they have or may have, including claims

against each counterparty to a Designated Lease (the "Counterparties"), whether or not such claims

are related to the rejection of the Designated Leases.

3.     Proofs of claim arising from the rejection of each Designated Lease must be filed

by the later of: (a) the deadline established in these cases for the filing of proofs of claim; (b) 30

days after the date of the entry of this Order; and (c) 30 days after the effective date of the rejection of the Designated Lease (the "Rejection Claim Bar Date").

4.      The Debtors are deemed to have abandoned the De Minimis Assets located at the leased premises subject to the Designated Leases as of the effective date of the rejection of the applicable Designated Lease.  The Debtors shall have no liability to any Counterparty for rental charges or occupancy of the leased premises arising after the effective date of the rejection of such Designated Leases, including in connection with the De Minimis Assets; *provided, however*, that the rights of Designated Lease Counterparties to assert any other claims, including damages claims arising from the rejection of such Designated Leases, are fully reserved.  The applicable Counterparties may, in their sole discretion and without further notice, dispose of the applicable De Minimis Assets without liability to the Debtors or any party.  To the extent applicable, the automatic stay is modified to allow such disposition.

5.      The rights of any party in interest to assert a claim against the Debtors' estate for costs associated with the removal or disposition of the De Minimis Assets, as well as the Debtors' right to contest any such claim, are fully preserved.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted by this Order.

7.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  _____                    _____
Richmond, Virginia                              UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

*/s/ [DRAFT]*

Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:      (804) 644-1700
Facsimile:      (804) 783-6192

- and -

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:      (212) 530-5000
Facsimile:      (212) 530-5219

*Co-Counsel for Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ [DRAFT]*