| | |
|---|---|
| Dennis F. Dunne, Esq. (admitted *pro hac vice*) | Michael A. Condyles, Esq. (VA 27807) |
| Evan R. Fleck, Esq. (admitted *pro hac vice*) | Peter J. Barrett, Esq. (VA 46179) |
| Michael W. Price, Esq. (admitted *pro hac vice*) | Jeremy S. Williams, Esq. (VA 77469) |
| **MILBANK LLP** | Brian H. Richardson, Esq. (VA 92477) |
| 55 Hudson Yards | **KUTAK ROCK LLP** |
| New York, New York 10001 | 901 East Byrd Street, Suite 1000 |
| Telephone:     (212) 530-5000 | Richmond, Virginia 23219-4071 |
| Facsimile:     (212) 530-5219 | Telephone:     (804) 644-1700 |
| | Facsimile:     (804) 783-6192 |

*Co-Counsel for Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GYMBOREE GROUP, INC., *et al.*,[1] | ) Case No. 19-30258 (KLP) |
| | ) |
| Debtors. | ) (Jointly Administered) |

**DEBTORS' MOTION TO APPROVE RULE 9019 COMPROMISE WITH FEDERAL EXPRESS CORPORATION AND FEDEX GROUND PACKAGE SYSTEM, INC.**

The above-captioned debtors in possession (collectively, the "Debtors"), by counsel, respectfully move the Court for entry of an order, substantially in the form of **Exhibit A** attached hereto, approving a settlement and compromise with Federal Express Corporation and Fed Ex Ground Package System, Inc. (collectively "FedEx") regarding adjustments to certain past charges billed to Gymboree Group, Inc.'s ("Gymboree") account with FedEx (the "Motion"), pursuant to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Gymboree Group, Inc. (6587); Gymboree Intermediate Corporation (1473); Gymboree Holding Corporation (0315); Gymboree Wholesale, Inc. (6588); Gym-Mark, Inc. (6459); Gymboree Operations, Inc. (6463); Gymboree Distribution, Inc. (8669); Gymboree Manufacturing, Inc. (6464); Gymboree Retail Stores, LLC (6461); Gym-Card, LLC (5720); and Gymboree Island, LLC (1215). The Debtors' service address is 71 Stevenson Street, Suite 2200, San Francisco, California 94105.

4811-5129-2301.3

Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rule(s)"). In support thereof, the Debtors state as follows:

**Background**

1. The Debtors are specialty retailers, operating stores selling high-quality clothing and accessories for children. The Debtors' family of brands consists of Gymboree®, Janie and Jack®, and Crazy 8®. As of the Petition Date, the Debtors operated over 900 retail stores, each dedicated to one of their brands, in the United States and Canada, with online stores for each brand and franchises around the world.

2. On January 16, 2019 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' cases have been consolidated for procedural purposes only and are being administered jointly. On January 23, 2019, the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [Docket No. 126]. No request for the appointment of a trustee or an examiner has been made.

4. A comprehensive description of the Debtors' business and operations, capital structure and the events leading to the commencement of these cases can be found in the *Declaration of Stephen Coulombe, Chief Restructuring Officer of Gymboree Group, Inc., in Support of Chapter 11 Petitions and First Day Motions* filed on January 17, 2019 [Docket No. 11].

5. FedEx is a provider of transportation and delivery services to the Debtors for which the Debtors have maintained one or more accounts for the shipment of packages and related services and FedEx continues to provide such services to the Debtors.

6. FedEx and the Debtors desire to make an adjustment to certain past charges billed to certain of the Debtors' accounts (the "Account"), together with a mutual release of all claims arising with respect to charges billed to the Account for shipments between May 1, 2018, through and including October 3, 2018, (the "Adjustment Period").

## JURISDICTION

7. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157.

8. The Court has subject matter and personal jurisdiction over all parties in interest pursuant to 28 U.S.C. § 1334.

## PROPERTY

9. As of the Petition Date, certain charges were billed to the Account based on shipments made by the Debtors for which FedEx provided services. As a result of those charges, certain overpayments were made to FedEx which the parties have agreed to settle by the Debtors receiving a credit from FedEx in the amount of $267,944.64 (the "Credit").

10. The Debtors' interest in the Credit constitutes property of the estate pursuant to 11 U.S.C. § 541.

11. To ensure sufficient charges exist with respect to the Account in order to receive the benefit of the Credit, it is contemplated that the Credit will be applied immediately upon the execution of the Settlement Agreement and prior to a hearing on the Motion, with the Credit being reversed in the event the Motion is not approved.

4811-5129-2301.3

12. The Debtors have concluded it is in the best interests of the estate and creditors to allow FedEx to apply the Credit to the Account in settlement of the matters related to any overcharges, rather than incur the additional administrative burden and expense of alternative methods of reconciliation.

13. After thorough review of the underlying facts and negotiations with FedEx, the parties have agreed to the settlement reflected in the Account Adjustment and Release Agreement attached hereto as **Exhibit B** (the "Settlement Agreement") and summarized as follows:[2]

    a. **Credit to Gymboree's Account**. FedEx agrees to issue a credit to the Account in the amount of Two Hundred Sixty-Seven Thousand, Nine Hundred Forty-Four Dollars and Sixty-Four Cents ($267,944.64) for any and all overcharges to the Account during the Adjustment Period.

    b. **Mutual Release**. (a) Subject to entry of an order approving the settlement (the "Approval Order") and receipt of the Credit, (i) Gymboree (on behalf of its officers, agents and employees, in their respective capacities as such) hereby releases and forever discharges FedEx, its officers, agents, and employees, subsidiaries, shareholders, parent companies and successors, in their respective capacities as such, from any and all claims now existing, which may in the past have arisen, or which may in future arise, with respect to any and all overcharges billed to the Account for shipments made during the Adjustment Period and (ii) Gymboree further hereby expressly acknowledges that it shall not be entitled to any additional refunds or credits for overcharges billed to the Account for shipments made during the Adjustment Period and further expressly agrees that FedEx shall have no obligation to provide and that neither Gymboree nor its agents shall seek additional proof of delivery or other documentation concerning service performance with respect to said shipments.

    (b) Subject to entry of the Approval Order, (i) FedEx (on behalf of its officers, agents and employees, in their respective capacities as such) hereby releases and forever discharges Gymboree, its officers, agents, and employees, subsidiaries, shareholders, parent companies and successors, in their respective capacities as such, from any and all claims now existing, which may in the past have arisen, or which may in future arise, with respect

---

[2] This summary provides only a general overview of the Settlement Agreement and does not contain all the relevant terms. To determine all relevant terms, a complete review should be conducted of the Settlement Agreement and in the event of any inconsistency between this summary and the actual terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.

to any and all overcharges billed to the Account for shipments made during the Adjustment Period and (ii) FedEx further hereby expressly acknowledges that it shall not be entitled to any additional payments or adjusted balances for overcharges billed to the Account for shipments made during the Adjustment Period and further expressly agrees that Gymboree shall have no obligation to provide and that neither FedEx nor its agents shall seek additional proof of overpayments with respect to said shipments.

c. **Request for Refunds or Credits by any Agent, Third Party or Freight Audit House**. In the event Gymboree has authorized any agent, third party or freight audit house to make or present claims for refunds or credits or to receive funds on its behalf with respect to charges made on the Account during the Adjustment Period, subject to entry of the Approval Order and receipt of the Credit, Gymboree agrees that it shall use commercially reasonable efforts to inform said agents, third parties or freight audit houses of its intention amicably to resolve its disputes concerning these charges by means of the settlement.

## BASIS FOR RELIEF

14. Bankruptcy Rule 9019 provides, in relevant part:

> On motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, . . . and indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.[3]

15. Compromises are tools for expediting the administration of the case and reducing administrative costs, and are favored in bankruptcy.[4] The Debtors believe that the Settlement Agreement represents a fair and reasonable compromise and settlement of the disputed issues regarding FedEx.

---

3    Fed. R. Bankr. P. 9019(a).

4    *See Official Comm. of Unsecured Creditors v. White Plains Joint Venture (In re Bond)*, No. 93-1410, 1994 U.S. App. LEXIS 1282, at *9–*14 (4th Cir. Jan. 26, 1994) ("To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." (internal quotation marks omitted)); *see also In re Frye*, 216 B.R. 166, 172 (Bankr. E.D. Va. 1997) (citing *Richardson v. Richardson*, 10 Va. App. 391, 399 (1990)).

4811-5129-2301.3

16.    In order to approve a settlement under Bankruptcy Rule 9019, a court must determine that the settlement is in the "best interest of the estate" and is "fair and equitable."[5] Among the relevant factors considered by bankruptcy courts in the Eastern District of Virginia are "the interests of creditors with proper deference to their reasonable views" and "the complexity, time and expense of the litigation."[6] In determining whether to approve a proposed settlement, however, the Court should not substitute its judgment for that of the Debtors'.[7] Instead, rather than conduct "a mini-trial" of the lawsuit at issue, "[t]he Court's fundamental determination is ". . . whether the settlement falls below the lowest point in the range of reasonableness.'"[8]

17.    Here, the Debtors respectfully submit that the settlement memorialized in the Settlement Agreement is fair, equitable and properly reflects the appropriate legal outcome. As an initial matter, the Settlement Agreement is the product of good faith, arm's-length negotiations between the Debtors and Fed Ex.

18.    The Debtors, in an exercise of reasonable business judgment, believe this compromise to be in the best interest of the estate and creditors, and represents a means by which the parties can proceed in the most efficient manner possible to reconcile the Account with FedEx and avoid additional administrative burden.

19.    The Debtors have provided notice of this Motion in accordance with the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting*

---

[5] *In re Frye*, 216 B.R. at 174.

[6] *Shaia v. Three Rivers Wood, Inc. (In re Three Rivers Woods, Inc.)*, No. 99-3020-T, 2001 Bankr. LEXIS 737, at *17 (Bankr. E.D. Va. Mar. 20, 2001) (quoting *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995)).

[7] See *In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984).

[8] *Three Rivers Woods, Inc.*, 2001 Bankr. LEXIS 737, at *17 (quoting *In re Austin*, 186 B.R. at 400 (internal quotation marks omitted)).

4811-5129-2301.3

*Related Relief* (the "Case Management Order"), [Docket No. 78], and submit that, in light of the nature of the relief requested, no other or different notice or service of this Motion or the proposed order is necessary.

**WHEREFORE**, the Debtors, by counsel, hereby request the Court to approve the proposed compromise with FedEx and grand such other relief as the Court deems just and proper.

Dated: March 21, 2019
Richmond, Virginia

*/s/ Brian H. Richardson*
Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:    (804) 644-1700
Facsimile:     (804) 783-6192
Email:          Michael.Condyles@KutakRock.com
                  Peter.Barrett@KutakRock.com
                  Jeremy.Williams@KutakRock.com
                  Brian.Richardson@KutakRock.com

-and-

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:     (212) 530-5219
Email:          ddunne@milbank.com
                  efleck@milbank.com
                  mprice@milbank.com

*Co-Counsel for Debtors in Possession*

4811-5129-2301.3

# **EXHIBIT A**

**Proposed Order**

| | |
|---|---|
| Dennis F. Dunne, Esq. (admitted *pro hac vice*) | Michael A. Condyles, Esq. (VA 27807) |
| Evan R. Fleck, Esq. (admitted *pro hac vice*) | Peter J. Barrett, Esq. (VA 46179) |
| Michael W. Price, Esq. (admitted *pro hac vice*) | Jeremy S. Williams, Esq. (VA 77469) |
| **MILBANK LLP** | Brian H. Richardson, Esq. (VA 92477) |
| 55 Hudson Yards | **KUTAK ROCK LLP** |
| New York, New York 10001 | 901 East Byrd Street, Suite 1000 |
| Telephone:   (212) 530-5000 | Richmond, Virginia 23219-4071 |
| Facsimile:   (212) 530-5219 | Telephone:   (804) 644-1700 |
| | Facsimile:   (804) 783-6192 |

*Co-Counsel for Debtors in Possession*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| GYMBOREE GROUP, INC., *et al.*, | ) Case No. 19-30258 (KLP) |
| Debtors. | ) (Jointly Administered) |

### ORDER APPROVING DEBTORS' RULE 9019 COMPROMISE WITH FEDERAL EXPRESS CORPORATION AND FEDEX GROUND PACKAGE SYSTEM, INC.

Upon the motion (the "Motion")[9] of the above-captioned debtors in possession (collectively, the "Debtors"),[10] for entry of an order (this "Order") approving a settlement agreement (the, "Settlement Agreement") between the Debtors and Federal Express Corporation and Fed Ex Ground Package System, Inc. (collectively "FedEx"), attached as **Exhibit B** to the Motion, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[9] Capitalized terms used but not defined herein shall have meanings set forth in the Motion.

[10] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Gymboree Group, Inc. (6587); Gymboree Intermediate Corporation (1473); Gymboree Holding Corporation (0315); Gymboree Wholesale, Inc. (6588); Gym-Mark, Inc. (6459); Gymboree Operations, Inc. (6463); Gymboree Distribution, Inc. (8669); Gymboree Manufacturing, Inc. (6464); Gymboree Retail Stores, LLC (6461); Gym-Card, LLC (5720); and Gymboree Island, LLC (1215). The Debtors' service address is 71 Stevenson Street, Suite 2200, San Francisco, California 94105.

9

Rules") and granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and proper notice of the Motion having been provided to all necessary and appropriate parties; and this Court having reviewed the Motion and having considered the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); the Court having found that the Debtors' entry into the Settlement Agreement (i) represents a sound exercise of the Debtors' business judgment, (ii) falls within the range of reasonableness, (iii) is fair and equitable and (iv) is in the best interests of the Debtors' estates and creditors; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein.  Based on the review of the Motion, the record and the related pleadings, the Court makes the following findings and conclusions:

1. The Debtors, upon exercising its business judgment, has determined that the Settlement Agreement is in the best interest of the Debtors' creditors and estates.

2. In determining whether to approve the Settlement Agreement, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997).  These factors include: (a) the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it; and (d) the paramount interest of the creditors. *Id*. (citations omitted).  These factors help the Court determine whether it should approve the proposed compromise as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A*

*& C Properties)*, 784 F.2d 1377 (9th Cir. 1986); *Drexel, Burnham, Lambert, Inc. v. Flight Transportation Corp.* (*In re Flight Transportation Corp. Securities Litigation*), 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

3. The Debtors' conducted a cost-benefit analysis regarding these matters, including the costs associated with litigation and the implications of success, and has concluded the compromise is fair, reasonable and serves the best interests of the estates and the creditors. In consideration of the probability of success in litigation, and the attending expense, inconveniences and delays, and the paramount interest of the creditors, the Court finds that the compromise is fair and reasonable. The Court adopts and approves of the Debtors' business judgment to enter into the compromise.

4. Notice of the Motion was properly served on all necessary parties.

**UPON DUE CONSIDERATION OF THE ABOVE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is hereby granted.

2. Pursuant to Bankruptcy Rule 9019, the Settlement Agreement is APPROVED, and the Debtors are authorized to enter into the Settlement Agreement and perform all of their obligations thereunder, including granting the releases set forth therein.

3. The Debtors are authorized to enter into, perform, execute, and deliver all other documents, and take all other actions, necessary to immediately effectuate the Settlement Agreement between the parties thereto, in accordance with the terms, conditions, and agreements related thereto, all of which are hereby approved, and to otherwise effectuate the relief granted in this Order in accordance with the Motion.

4.  Any applicable stay of this Order is hereby waived.

5.  This Court shall retain jurisdiction with respect to the terms of the Compromise and this Order.

_____                    _____
Richmond, Virginia                                   UNITED STATES BANKRUPTCY COURT JUDGE

WE ASK FOR THIS:

*/s/ DRAFT*_____
Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192

- and -

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219
Email:         ddunne@milbank.com
               efleck@milbank.com
               mprice@milbank.com

*Co-Counsel for Debtors in Possession*

4811-5129-2301.3

**CERTIFICATION OF ENDORSEMENT**
**UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

      Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                           */s/ DRAFT*

4811-5129-2301.3

## **EXHIBIT B**

**Settlement Agreement**

4811-5129-2301.3

**FedEx.**

## ACCOUNT ADJUSTMENT AND RELEASE AGREEMENT

This ACCOUNT ADJUSTMENT AND RELEASE AGREEMENT (the "Agreement") by and between Federal Express Corporation and FedEx Ground Package System, Inc. (collectively "FedEx") and Gymboree Group, Inc. ("Customer"), is made effective as of the date last executed below (the "Effective Date"), in accordance with the following terms and conditions:

Customer and its affiliates maintain one or more accounts with FedEx for the shipment of Customer's documents and packages by FedEx services.

FedEx and Customer desire to make an adjustment to certain past charges billed to Customer's account number #■■■■ ("Account Number"). In addition, FedEx and Customer each desire to release the other from any and all claims which have arisen or may arise with respect to charges billed to said Account Number for shipments made from May 1, 2018 through and including October 3, 2018 (the "Adjustment Period").

Customer is a debtor under chapter 11 of title 11 of the United States Code in cases pending in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court") under the caption In re Gymboree Group, Inc., Case No. 19-30258 (KLP).

**IN CONSIDERATION OF THE MUTUAL COVENANTS CONTAINED IN THIS AGREEMENT, FEDEX AND CUSTOMER AGREE AS FOLLOWS:**

1. **Credit to Customer's Account.** FedEx agrees, promptly upon entry of an order of the Bankruptcy Court authorizing Customer's entry into this Agreement (the "Approval Order"), to issue a credit to Customer's Account Number #■■■■ in the amount of Two Hundred Sixty-Seven Thousand, Nine Hundred Forty-Four Dollars and Sixty-Four Cents ($267,944.64) for any and all overcharges to Customer's Account Number during the Adjustment Period (the "Adjustment Payment").

2. **Mutual Release.** (a) Subject to entry of the Approval Order and receipt of the Adjustment Payment, (i) Customer (on behalf of its officers, agents and employees, in their respective capacities as such) hereby releases and forever discharges FedEx, its officers, agents, and employees, subsidiaries, shareholders, parent companies and successors, in their respective capacities as such, from any and all claims now existing, which may in the past have arisen, or which may in future arise, with respect to any and all overcharges billed to Customer's Account Number for shipments made during the Adjustment Period and (ii) Customer further hereby expressly acknowledges that it shall not be entitled to any additional refunds or credits for overcharges billed to Customer's Account Number for shipments made during the Adjustment Period and further expressly agrees that FedEx shall have no obligation to provide and that neither Customer nor its agents shall seek additional proof of delivery or other documentation concerning service performance with respect to said shipments.

(b) Subject to entry of the Approval Order, (i) FedEx (on behalf of its officers, agents and employees, in their respective capacities as such) hereby releases and forever discharges Customer, its officers, agents, and employees, subsidiaries, shareholders, parent companies and successors, in their respective capacities as such, from any and all claims now existing, which may in the past have arisen, or which may in future arise, with respect to any and all overcharges billed to Customer's Account Number for shipments made during the Adjustment Period and (ii) FedEx further hereby expressly acknowledges that it shall not be entitled to any additional payments or adjusted balances for overcharges billed to Customer's Account Number for shipments made during the Adjustment Period and further expressly agrees that Customer shall have no obligation to provide and that neither FedEx nor its agents shall seek additional proof of overpayments with respect to said shipments.

#4837-4819-3671v2

3. **Request for Refunds or Credits by any Agent, Third Party or Freight Audit House.** In the event Customer has authorized any agent, third party or freight audit house to make or present claims for refunds or credits or to receive funds on its behalf with respect to charges made on Customer's Account Number during the Adjustment Period, subject to entry of the Approval Order and receipt of the Adjustment Payment, Customer agrees that it shall use commercially reasonable efforts to inform said agents, third parties or freight audit houses of its intention amicably to resolve its disputes concerning these charges by means of this Agreement.

IN WITNESS WHEREOF the parties have hereunto executed this Agreement on the date last executed below.

| FEDERAL EXPRESS CORPORATION, and FEDEX GROUND PACKAGE SYSTEM, INC. by their agent, FEDEX CORPORATE SERVICES, INC. | GYMBOREE GROUP, INC. |
|---|---|
| Signature: [signed] | Signature: [signed] |
| Print Name: Pht finan | Print Name: JON W. KIMMINS |
| Title: VP | Title: CFO |
| Date: 3/20/19 | Date: 3-21-19 |
| ("FedEx") | ("Customer") |