| | |
|---|---|
| Dennis F. Dunne, Esq. (admitted *pro hac vice*) | Michael A. Condyles, Esq. (VA 27807) |
| Evan R. Fleck, Esq. (admitted *pro hac vice*) | Peter J. Barrett, Esq. (VA 46179) |
| Michael W. Price, Esq. (admitted *pro hac vice*) | Jeremy S. Williams, Esq. (VA 77469) |
| **MILBANK LLP** | Brian H. Richardson, Esq. (VA 92477) |
| 55 Hudson Yards | **KUTAK ROCK LLP** |
| New York, New York 10001 | 901 East Byrd Street, Suite 1000 |
| Telephone:    (212) 530-5000 | Richmond, Virginia 23219-4071 |
| Facsimile:    (212) 530-5219 | Telephone:    (804) 644-1700 |
| | Facsimile:    (804) 783-6192 |

*Co-Counsel to Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GYMBOREE GROUP, INC., *et al.*,[1] | ) | Case No. 19-30258 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**STIPULATION BY AND AMONG THE DEBTORS, THE DIP AGENT, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS WITH RESPECT TO THE DIP BUDGET AND RELATED MATTERS**

This stipulation (the "Stipulation") is made and entered into, through their respective undersigned counsel, by and among (i) the above-captioned debtors-in-possession (the "Debtors"), (ii) Special Situations Investing Group, Inc., as administrative agent and collateral agent (the "DIP Agent"), for and on behalf of itself and the DIP Lenders, and (iii) the Official Committee of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Gymboree Group, Inc. (6587); Gymboree Intermediate Corporation (1473); Gymboree Holding Corporation (0315); Gymboree Wholesale, Inc. (6588); Gym-Mark, Inc. (6459); Gymboree Operations, Inc. (6463); Gymboree Distribution, Inc. (8669); Gymboree Manufacturing, Inc. (6464); Gymboree Retail Stores, LLC (6461); Gym-Card, LLC (5720); and Gymboree Island, LLC (1215). The Debtors' service address is 71 Stevenson Street, Suite 2200, San Francisco, California 94105.

4827-4352-9353

Unsecured Creditors (the "UCC" and collectively with the Debtors and the DIP Agent, the "Parties").

### Recitals

**WHEREAS**, on January 16, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

**WHEREAS**, on January 17, 2019, the Court entered the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lenders, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 81] (the "Interim DIP Order").

**WHEREAS**, on February 15, 2019, the Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lenders, (V) Modifying Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 348] (the "Final DIP Order").

**WHEREAS**, on March 4, 2019, the Court entered the *Order (I) Approving the Sale of Certain J&J Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* [Docket No. 484] (the "JJ Sale Order").

**WHEREAS**, on March 4, 2019, the Court entered the *Order (I) Approving the Sale of Certain Gymboree and Crazy 8 Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (II) Approving the Assumption and Assignment of Executory Contracts and*

*Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* [Docket No. 487] (the "Gym/Crazy 8 Sale Order", and together with the JJ Sale Order, the "Sale Orders").

WHEREAS, on March 5, 2019, the Debtors filed *Notice of Closing Date of J&J Sale* [Docket No. 494] (the "J&J Sale Closing Notice").

WHEREAS, on or before March 9, 2019, the Debtors (with the permission of the DIP Lender) used cash collateral and/or sale proceeds to "true up" the Professional Fee Escrow (as defined below) for any unpaid amounts budgeted and/or incurred by the Case Professionals (as defined in the Final DIP Order) as of such date *less* $1.5 million with respect to the fees earned and expenses incurred by the Debtors' professionals.

WHEREAS, on April 4, 2019, the Debtors filed *Notice of Closing Date of Sale of Gymboree and Crazy 8 Assets to TCP Brands, LLC* [Docket No. 614] (the "Gym/Crazy 8 Sale Closing Notice", and together with the J&J Sale Closing Notice, the "Sale Closing Notices").

WHEREAS, the Parties wish to memorialize their understanding regarding certain matters with respect to the use of estate cash, the DIP Budget and related matters.

**NOW THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

1. Attached hereto as **Exhibit A** shall constitute the approved budget ("Approved Budget") in the manner contemplated by DIP Agreement (as defined herein).

2. The DIP Loans will be paid down by $100 million from the proceeds of the sales approved pursuant to the Sale Orders within one business day (the "Payment Date") following the date on which this Stipulation has been fully executed. The Debtors may make additional payments of principal on the DIP Loan, subject to the Debtors' prior satisfaction of the Specified

3

Obligations and the monetization of the Debtors' lease at 71 Stevenson Street, San Francisco, California 94105.

3.  The DIP Agent[2] will utilize its best efforts (and the Debtors will support the DIP Agent in such efforts) to provide (or to cause an affiliate of the DIP Agent to provide, including from a regulated bank affiliate) back-to-back and/or replacement letters of credit (or a substantially similar structure) (the "Replacement Letters of Credit") with respect to the letters of credit issued by Bank of America, National Association (the "Prepetition ABL Agent"), which were cash collateralized pursuant to the Interim DIP Order and supported by the Debtors' customs bonds (the "Subject Letters of Credit"), such that the cash collateral securing the Subject Letters of Credit can be released for the benefit of the estates (the "LC Monetization") on or before April 19, 2019. The Replacement Letters of Credit shall not be secured by cash collateral. Without limiting the foregoing, after May 9, 2019, the Debtors shall have discretion (to the extent the LC Monetization has not yet occurred) to engage in efforts and, upon three (3) business days' written notice to the DIP Agent and the UCC (with copy by email to counsel of record for each), enter into transactions to monetize the Subject Letters of Credit for the benefit of the estates, and the DIP Lender agrees to support such efforts and transactions unless the DIP Agent believes the Debtors are acting unreasonably (including, without limitation, by entering into a transaction that results in the estates receiving less than reasonable value in connection with such monetization), in which case the DIP Agent may seek relief from the Court on an expedited basis to prevent the Debtors from consummating any transaction; provided, however, that nothing herein shall relieve the Debtors of any obligation under the Bankruptcy Code (including, without limitation, under Section 363) to

---

[2] Each capitalized term used but not defined herein has the meaning set forth in the Superiority Secured Debtor-in-Possession Credit Agreement dated as of January 18, 2019 (as the same may be amended, extended, restated, supplemented, waiver or otherwise modified from time to time, the "DIP Agreement").

4

seek and receive Court approval with respect to any transaction entered into outside of the ordinary course of business.

4. Upon the occurrence of the LC Monetization, the Debtors shall pay all outstanding WARN Act obligations and fully fund the Professional Fee Escrow, including the deferred amounts discussed in the foregoing paragraph (the "Specified Obligations").[3] The DIP Agent acknowledges and agrees that upon the occurrence of the LC Monetization (whether before or after the date specified in paragraph 3 above), the Debtors may use cash collateral to satisfy the Specified Obligations and that the DIP Agent consents to, and shall not object to or otherwise oppose, the use of cash collateral for such purpose.

5. As soon as practicable following the Payment Date, the Debtors shall pay all outstanding amounts of "stub rent" for the period from the Petition Date through the end of January 31, 2019 in the amount set forth in the Approved Budget (the "January Rent"). The Challenge Deadline (as defined in the Final DIP Order) shall be extended to April 30, 2019, unless further extended by agreement of the parties hereto or by Order of Court. Upon the timely payment of the January Rent, the Challenge Deadline (as defined in the Final DIP Order) with respect to the UCC will be deemed to have terminated. In exchange for the promises set forth herein, the UCC agrees that (a) it will not bring a Challenge (as defined in the Final DIP Order) on or before April 12, 2019, and (b) it will not bring a Challenge at any time after the budgeted January Rent has been paid in full.

6. The DIP Agent, on behalf of itself and the DIP Lenders, confirms that (i) it supports the Debtors' payment of the outstanding fees of the Debtors' and UCC's professionals that have

---

[3] The Debtors hereby represent and warrant that, to the best of their knowledge, the amount set forth in the Approved Budget is sufficient to satisfy, among other things, any and all existing WARN Act related liabilities and amounts that are owed or otherwise payable by the Debtors or their estates.

5

been submitted to the Court and (ii) the success and transaction fees as contemplated by the respective engagement letters of Miller Buckfire & Co., LLC and its affiliate, Stifel, Nicolaus & Co., Inc. (collectively, "Miller Buckfire") and Berkeley Research Group, LLC ("BRG") and as delineated in the Approved Budget have been fully earned.

7. All professional fees to be escrowed or reserved hereunder or under the Final DIP Order shall be maintained in an escrow account maintained at Citibank (the "Professional Fee Escrow"), which shall serve as the Fee Reserve Account (as such term is defined in the Final DIP Order) and shall not be property of the estates.

8. The DIP Agent confirms that overages and underages (as compared to the amounts contained in the Approved Budget) with respect to Case Professional's fees and expenses can be applied during any Testing Period and will be tested on a cumulative basis across all Case Professionals for variance testing purposes.

9. The DIP Agent, for and on behalf of the DIP Lenders, hereby waives all Events of Default occurring on or prior to the date hereof under the Credit Agreement (collectively, the "Existing Defaults"). For avoidance of doubt, the waiver of the Existing Defaults shall not constitute a waiver of any future Events of Default occurring after the date hereof.

10. Any actual savings realized against the amounts set forth in the Approved Budget, together with any excess cash that is not necessary to pay budgeted expenses set forth in the Approved Budget (as determined by the parties in good faith), in each case, as measured at the end of the Store Closing Sale period, shall be used to pay down the DIP Loan immediately upon reconciliation.

11. The DIP Agreement and the Final DIP Order shall be deemed amended by this Stipulation to provide for the foregoing. Notwithstanding anything in the Sale Orders or Final DIP

Order, the Parties consent to the terms of this Stipulation, including with respect to the use of the proceeds of the sales.

12. The UCC agrees to use commercially reasonable efforts to negotiate and support a mutually acceptable plan of reorganization with the Parties.

13. This Stipulation constitutes the entire agreement among the parties hereto regarding the subject matter hereof.

14. This Stipulation may be executed in one or more counterparts and by facsimile or electronic copy, all of which shall be considered effective as an original signature.

15. The parties acknowledge that this Stipulation is their joint work product and that, accordingly, in the event of ambiguities in this Stipulation, no inferences shall be drawn against either party on the basis of authorship of this Stipulation.

16. The Bankruptcy Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Stipulation.

*[Remainder of page intentionally left blank]*

IN WITNESS WHEREOF and in agreement herewith, by and through the undersigned, the Parties have executed and delivered this Stipulation as of the date first set forth below.

Dated: April 9, 2019

| | |
|---|---|
| /s/ Evan R. Fleck | /s/ W. Austin Jowers |
| Dennis F. Dunne, Esq. (admitted *pro hac vice*) | W. Austin Jowers (admitted pro hac vice) |
| Evan R. Fleck, Esq. (admitted *pro hac vice*) | Christopher G. Boies (admitted pro hac vice) |
| Michael W. Price, Esq. (admitted *pro hac vice*) | Michael R. Handler (admitted pro hac vice) |
| MILBANK LLP | KING & SPALDING LLP |
| 55 Hudson Yards | 1185 Avenue of the Americas 35th Floor |
| New York, New York 10001 | New York, New York 10036 |
| Telephone: (212) 530-5000 | Telephone: (212) 556-2100 |
| and | and |
| Michael A. Condyles, Esq. (VA 27807) | Dion W. Hayes (VSB No. 34304) |
| Peter J. Barrett, Esq. (VA 46179) | Douglas M. Foley (VSB No. 34364) |
| Jeremy S. Williams, Esq. (VA 77469) | Sarah B. Boehm (VSB No. 45201) |
| Brian H. Richardson, Esq. (VA 92477) | |
| KUTAK ROCK LLP | MCGUIREWOODS LLP |
| 901 East Byrd Street, Suite 1000 | Gateway Plaza |
| Richmond, Virginia 23219-4071 | 800 East Canal Street |
| Telephone: (804) 644-1700 | Richmond, Virginia 23219 |
| Facsimile: (804) 783-6192 | Telephone: (804) 775-1000 |
| **Counsel to the Debtors** | **Counsel to the DIP Lender** |

   /s/ Bradford J. Sandler
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Bradford J. Sandler, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone: (212) 561-7700

and

Christopher A. Jones (VSB # 40064)

Vernon E. Inge, Jr. (VSB # 32699)
Michael E. Hastings (VSB # 36090)
Jennifer E. Wuebker (VSB # 91184)
WHITEFORD, TAYLOR & PRESTON, LLP
901 E. Cary Street, Suite 500
Richmond, Virginia 23219-4063
Telephone: (804) 977-3300
**Counsel to the UCC**

**Exhibit A**

**Project Gemstone**
**Cash Flow Summary**
($ in 000's)

| Forecast / Actual | 01/19 Act | 01/26 Act | 02/02 Act | 02/09 Act | 02/16 Act | 02/23 Act | 03/02 Act | 03/09 Act | 03/16 Act | 03/23 Act | 03/30 Act | 04/06 Fcst | 04/13 Fcst | 04/20 Fcst | 04/27 Fcst | Total Weekly Forecast | Wind Down | Remaining Claims | Grand Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Collections** | | | | | | | | | | | | | | | | | | | |
| JJ Sale (Excl. Direct Wire to JV) | - | - | - | - | - | - | 1,645 | 43,915 | - | - | - | - | - | - | - | 45,560 | - | - | 45,560 |
| GYM & C8 IP Sale | - | - | - | - | - | - | - | - | 11,100 | - | - | 64,900 | - | - | - | 76,000 | - | - | 76,000 |
| Stores and E-Commerce | 2,597 | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 2,597 | - | - | 2,597 |
| Inventory Liquidation Proceeds | 136,796 | - | - | - | - | - | - | - | - | - | - | - | 9,271 | - | - | 146,067 | - | - | 146,067 |
| Augment | 2,000 | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 2,000 | - | - | 2,000 |
| FF&E Proceeds | 1,000 | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 1,000 | 750 | - | 1,750 |
| LC Recovery / Monetization | - | - | - | - | - | - | - | - | - | - | - | - | 5,500 | - | - | 5,500 | 9,280 | - | 14,780 |
| Liquidator Expense Funding | 12,353 | - | 1,823 | 5,670 | 1,593 | 7,384 | 2,990 | 3,474 | 3,789 | 5,489 | 4,830 | 3,526 | 3,112 | 2,799 | 1,396 | 60,229 | 222 | - | 60,451 |
| Other Receipts | 593 | 178 | 631 | 6 | 296 | 128 | 67 | 59 | 4 | - | 58 | - | - | - | - | 2,020 | 500 | - | 2,520 |
| **Total Collections** | **155,339** | **178** | **2,454** | **5,676** | **1,889** | **7,512** | **4,702** | **47,448** | **14,893** | **5,489** | **4,888** | **68,426** | **12,383** | **8,299** | **1,396** | **340,972** | **10,752** | **-** | **351,725** |
| **Operating Disbursements** | | | | | | | | | | | | | | | | | | | |
| Freight, Duty, Shipping & DC Processing | (1) | (1,478) | (3,550) | (1,196) | (211) | (4,557) | (1,342) | (669) | (675) | (2,491) | - | (431) | (102) | - | - | (16,702) | - | - | (16,702) |
| Payroll & Related | (17) | (7,152) | (688) | (6,857) | (812) | (6,996) | (1,784) | (5,557) | (427) | (4,372) | (316) | (3,858) | (1,185) | (3,037) | (1,618) | (44,673) | (1,501) | - | (46,174) |
| Other Operating Disbursements | (9) | (225) | (425) | (628) | (247) | (109) | (902) | (273) | (961) | (1,189) | (1,660) | (605) | (929) | (454) | (1,318) | (9,932) | (5,679) | - | (15,611) |
| Occupancy (Stores, HQ, & DC) | - | - | (9,179) | (1) | - | (43) | (461) | (3,373) | (146) | (2,016) | (2,908) | (1,362) | (1,288) | (1,049) | (1,404) | (23,230) | (1,200) | - | (24,430) |
| Sales & Other Taxes | - | (1,709) | - | - | - | (2,500) | (2,937) | (84) | (381) | - | - | - | - | - | (1,500) | (9,111) | - | - | (9,111) |
| **Total Operating Disbursements** | **(28)** | **(10,563)** | **(13,842)** | **(8,682)** | **(1,269)** | **(14,204)** | **(7,427)** | **(9,956)** | **(2,590)** | **(10,067)** | **(4,883)** | **(6,256)** | **(3,504)** | **(4,539)** | **(5,839)** | **(103,648)** | **(8,380)** | **-** | **(112,028)** |
| **Non-Operating Disbursements** | | | | | | | | | | | | | | | | | | | |
| Professional Fees & Escrow Funding | (2,280) | - | (1,325) | (2,451) | (1,321) | (1,126) | (1,126) | (7,266) | (910) | - | (1,474) | (652) | (652) | (2,161) | (1,111) | (23,855) | (3,488) | - | (27,343) |
| Donation Liability | - | - | - | - | (618) | - | - | - | - | - | - | - | - | - | - | (618) | - | - | (618) |
| Inventory Taking | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Utility Deposits | - | - | (410) | - | - | - | - | - | - | - | - | - | - | - | - | (410) | 410 | - | - |
| Stub Rent | - | - | - | - | - | - | - | - | - | - | - | - | (3,015) | - | - | (3,015) | - | - | (3,015) |
| 503(b)(9) | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | (9,000) | (9,000) |
| Employee Programs | - | - | - | - | - | - | - | - | - | (1,535) | - | (86) | (581) | (4,822) | (680) | (7,704) | - | - | (7,704) |
| Return Canada Proceeds Funded to US | - | - | (1,900) | - | - | - | - | - | - | - | - | (712) | - | - | - | (2,612) | - | - | (2,612) |
| **Total Non-Operating Disbursements** | **(2,280)** | **-** | **(3,635)** | **(2,451)** | **(1,938)** | **(1,126)** | **(1,126)** | **(7,266)** | **(910)** | **(1,535)** | **(1,474)** | **(1,450)** | **(4,249)** | **(6,983)** | **(1,791)** | **(38,214)** | **(3,078)** | **(9,000)** | **(50,292)** |
| **Net Book Cash Flow Before Financing** | **153,032** | **(10,385)** | **(15,023)** | **(5,457)** | **(1,319)** | **(7,819)** | **(3,851)** | **30,226** | **11,394** | **(6,113)** | **(1,469)** | **60,720** | **4,631** | **(3,223)** | **(6,234)** | **199,110** | **(706)** | **(9,000)** | **189,404** |
| **Financing Activity** | | | | | | | | | | | | | | | | | | | |
| GS DIP Tranche A - Funding / (Pay Down) | 10,000 | - | - | - | - | - | - | - | - | - | - | - | (10,000) | - | - | - | - | - | - |
| GS DIP Tranche B | - | 7,475 | 4,863 | 1,923 | 479 | 4,620 | 641 | - | - | - | - | - | (955) | - | - | 19,044 | - | (19,044) | - |
| GS Roll Up | - | - | - | - | - | - | - | - | - | - | - | - | (89,045) | - | - | (89,045) | - | - | (89,045) |
| Revolver Pay Down | (80,702) | - | - | - | - | - | - | - | - | - | - | - | - | - | - | (80,702) | - | - | (80,702) |
| Cash Collateralize LCs (105% of Face Value) | (44,632) | - | - | - | - | - | - | - | - | - | - | - | - | - | - | (44,632) | - | - | (44,632) |
| Other Fees and Reserves | (877) | - | - | - | - | - | - | - | - | - | - | - | - | - | - | (877) | - | - | (877) |
| DIP Fees & Interest | (700) | - | - | - | - | (1,236) | - | - | - | - | - | - | - | - | - | (1,936) | - | (2,015) | (3,951) |
| **Net Book Cash Flow After Financing** | **36,121** | **(2,910)** | **(10,161)** | **(3,534)** | **(840)** | **(4,435)** | **(3,209)** | **30,226** | **11,394** | **(6,113)** | **(1,469)** | **60,720** | **(95,369)** | **(3,223)** | **(6,234)** | **963** | **(706)** | **(30,059)** | **(29,802)** |
| **Cash Balance** | | | | | | | | | | | | | | | | | | | |
| Beginning Book Cash Balance | 1,332 | 37,453 | 34,543 | 24,382 | 20,848 | 20,008 | 15,573 | 12,364 | 42,590 | 53,984 | 47,871 | 46,915 | 107,635 | 12,266 | 9,043 | 1,332 | 2,808 | 2,102 | 1,332 |
| Net Cash Flow | 36,121 | (2,910) | (10,161) | (3,534) | (840) | (4,435) | (3,209) | 30,226 | 11,394 | (6,113) | (1,469) | 60,720 | (95,369) | (3,223) | (6,234) | 963 | (706) | (30,059) | (29,802) |
| Cash Flow True Up | - | - | - | - | - | - | - | - | - | - | - | - | 513 | - | - | 513 | - | - | 513 |
| **Ending Cash Balance** | **37,453** | **34,543** | **24,382** | **20,848** | **20,008** | **15,573** | **12,364** | **42,590** | **53,984** | **47,871** | **46,915** | **107,635** | **12,266** | **9,043** | **2,808** | **2,808** | **2,102** | **(27,957)** | **(27,957)** |
| **Anticipated Ordinary Business Expense Shortfalls** | | | | | | | | | | | | | | | | | | | |
| Corporate Rent | - | - | 461 | 33 | - | - | 371 | - | - | 353 | - | - | - | 109 | - | 1,326 | - | - | 1,326 |
| Non Reimburseable Corp Personnel Exp. | - | 5,824 | 449 | 1,216 | 169 | 995 | 641 | - | - | 767 | 304 | 361 | - | 384 | - | 11,111 | - | - | 11,111 |
| Customs & Freight | - | 1,277 | 3,459 | 315 | 210 | 3,618 | - | - | - | - | - | - | - | - | - | 8,879 | - | - | 8,879 |
| Prepetition AP (OpEx) | - | 373 | 468 | 360 | 125 | 5 | - | - | - | - | - | - | - | - | - | 1,330 | - | - | 1,330 |
| Other (Suntrust Banking Fee) | - | - | - | - | - | 2 | - | - | - | - | - | - | - | - | - | 2 | - | - | 2 |
| **Total** | **-** | **7,475** | **4,838** | **1,923** | **504** | **4,620** | **1,012** | **-** | **-** | **767** | **657** | **361** | **-** | **384** | **109** | **22,649** | **-** | **-** | **22,649** |

*Note: excludes Gap TSA funding and disbursement and collections / pass through of collections for liquidating stores*