Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219

Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile:  (804) 783-6192

*Co-Counsel for Debtors in Possession*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GYMBOREE GROUP, INC., *et al.*,[1] | ) | Case No. 19-30258 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THEIR EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

The above-captioned debtors in possession (collectively, the "Debtors") respectfully

move (this "Motion") for entry of an order extending (i) the period during which the Debtors have

the exclusive right to file a chapter 11 plan through and including July 16, 2019 (the "Exclusive

Filing Period"), and (ii) the period during which the Debtors have the exclusive right to solicit

acceptances of their chapter 11 plan through and including September 14, 2019 (the "Exclusive

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Gymboree Group, Inc. (6587); Gymboree Intermediate Corporation (1473); Gymboree Holding Corporation (0315); Gymboree Wholesale, Inc. (6588); Gym-Mark, Inc. (6459); Gymboree Operations, Inc. (6463); Gymboree Distribution, Inc. (8669); Gymboree Manufacturing, Inc. (6464); Gymboree Retail Stores, LLC (6461); Gym-Card, LLC (5720); and Gymboree Island, LLC (1215).  The Debtors' service address is 71 Stevenson Street, Suite 2200, San Francisco, California 94105.

Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusivity Periods"), and in support thereof, respectfully represent as follows:

### Background

1.      On January 16, 2019 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      The Debtors' cases have been consolidated for procedural purposes only and are being administered jointly.  On January 23, 2019, the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 126] (the "Committee").  No request for the appointment of a trustee or an examiner has been made.

3.      A comprehensive description of the Debtors' business and operations, capital structure and the events leading to the commencement of these cases can be found in the *Declaration of Stephen Coulombe, Chief Restructuring Officer of Gymboree Group, Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 11].

4.      On March 4, 2019, the Court entered the (a) *Order (I) Approving the Sale of Certain J&J Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith; and (III) Granting Related Relief* [Docket No. 484] and (b) *Order (I) Approving the Sale of Certain Gymboree and Crazy 8 Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith; and (III) Granting Related Relief* [Docket No. 487],

which, together, approved the sale of substantially all of the Debtors' assets.  The closing dates for

such sales occurred on March 4, 2019 and April 4, 2019, respectively.

## Jurisdiction and Venue

5.    The United States Bankruptcy Court for the Eastern District of Virginia (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing*

*Order of Reference from the United States District Court for the Eastern District of Virginia*, dated

July 10, 1984.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.    The bases for the relief requested herein are sections 1121 of the Bankruptcy Code,

Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, and Rule 9013-1 of the Local

Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia (as

amended, the "Local Bankruptcy Rules").

7.    The Debtors consent to the entry of a final order by the Court in connection with

this Motion to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the

United States Constitution.

## Relief Requested

8.    The Debtors respectfully request that the Court enter an order (the "Order"),

substantially in the form attached hereto as **Exhibit A**, extending (i) the Debtors' Exclusive Filing

Period through and including July 16, 2019, and (ii) the Debtors' Exclusive Solicitation Period

through and including September 14, 2019, without prejudice to the Debtors' right to seek further

extensions as contemplated under section 1121 of the Bankruptcy Code.

**Basis for Relief**

9.      Section 1121(b) of the Bankruptcy Code establishes an initial 120-day period
following the commencement of a case during which only the debtor may file a plan.  Section
1121(c) provides an additional 60-day period during which only the debtor may solicit acceptances
for a plan filed within the initial 120-day period.  11 U.S.C. §§1121(b), 1121(c).

10.      Section 1121(d) of the Bankruptcy Code permits a court, after notice and a hearing,
to extend a debtor's Exclusivity Periods "for cause" (as long as such extension does not extend the
Exclusive Filing Period "beyond a date that is 18 months after the date of the order for relief" and
the Exclusive Solicitation Period "beyond a date that is 20 months after the date of the order for
relief."  11 U.S.C. § 1121(d).  Although "cause" is not defined in the Bankruptcy Code, the
legislative history indicates the "for cause" standard is meant to be flexible "in order to allow the
debtor to reach an agreement."  H.R. Rep. 595, 95th Cong., 1st Sess. 232 (1978); *see also In re
Ames Dep't Stores Inc.*, 1991 WL 259036 at *3 (S.D.N.Y. Nov. 25, 1991) ("The purpose of the
Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its
creditors.").

11.      Frequently, courts in this and other circuits use all or some of the following factors
in determining whether "cause" exists to extend a debtor's Exclusivity Periods: (a) the size and
complexity of the case; (b) the need for sufficient time to permit the debtor to negotiate a plan of
reorganization and prepare adequate information; (c) whether the debtor has made progress in
negotiations with its creditors; (d) the existence of good faith progress toward reorganization; (e)
whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's
reorganization demands; (f) whether the debtor has demonstrated reasonable prospects for filing a
viable plan; (g) the fact that the debtor is paying its bills as they become due; (h) the amount of

time which has elapsed in the case; and (i) whether an unresolved contingency exists. *See e.g.*, *In re Quality Inns Int'l, Inc. v. L.B.H. Associates Ltd. P'Ship*, 1990 WL 116761 at *2 (4th Cir. 1990); *In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006).

12.     Not all of these factors are relevant in every case and courts rely on various subsets of the above factors to determine whether the requisite "cause" exists to grant an exclusivity extension in a particular case. *See, e.g., Quality Inns*, 1990 WL 116761 at *2 (affirming the bankruptcy court's grant of an exclusivity extension based on four factors: (a) the debtor was involved in protracted litigation; (b) the case was complex; (c) the debtor had been making every effort to rehabilitate itself; and (d) there was a promise of success); *In re Express One Int'l*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (finding only certain factors relevant in determining whether "cause" exists to extend exclusivity).

13.     Here, unless extended, the Debtors' Exclusivity Periods will expire on May 17, 2019 and July 16, 2019, respectively.   Given the facts and circumstances of these cases, the requested extension is clearly warranted.   The Debtors have made significant progress towards concluding these cases in the value-maximizing manner and securing consensus among their key constituents, but still require additional time to resolve the outstanding issues in these cases, including achieving a resolution of the WARN-related litigation pending in both the Bankruptcy Court and the United States District Court for the Northern District of California and determining whether they will be able to propose a confirmable, feasible plan.   Nevertheless, the Debtors have (i) finalized sales of substantially all of their assets,[2] (ii) identified sources for funding payment of

---

[2]     *Notice of Closing Date of J&J Sale* [Docket No. 494] and *Notice of Closing Date of Sale of Gymboree and Crazy 8 Assets to TCP Brands, LLC* [Docket No. 614]

the outstanding WARN Act claims and of their "stub rent,"[3] and (iii) entered into agreements with their DIP lenders and the Committee to facilitate the formulation of a potential plan of reorganization.[4]

14.    Moreover, the requested 60-day extension of the Exclusivity Periods will not prejudice or pressure the Debtors' creditors.  With the sales completed, the size of the estates available for distribution to the Debtors' creditors has been fixed.  What remains is the formulation of a plan that would allocate the proceeds of the sale in the most equitable manner in compliance with the priority provisions of the Bankruptcy Code.  The Debtors, in cooperation with the Committee and working with the DIP Agent, are the parties best positioned to achieve this result and just need sufficient time to conclude negotiations with the various constituents involved.

15.    This is the Debtors' first request to extend their Exclusivity Periods.  Courts have generally required a lesser showing to grant the first extension as compared to multiple such requests.  *See, In re Newark Airport/Hotel L.P.*, 156 B.R. 444, 451(Bankr. D.N.J.) *aff'd*, 155 B.R. 93 (D.N.J. 1993); *see also In re Borders Grp., Inc.*, 460 B.R. 818, 825 (Bankr. S.D.N.Y. 2011); *In re Apex Pharm., Inc.*, 203 B.R. 432, 441 (N.D. Ind. 1996) ("It is true that during the initial 120 day period in which debtors have an exclusive right to file a plan of reorganization … the bankruptcy courts apply a lesser standard in determining whether the burden of showing 'a reasonable possibility of a successful reorganization within a reasonable time' has been satisfied.") (internal citation omitted).

16.    Courts is this district have granted relief similar to the relief requested herein. *See, e.g., In re Toys "R" Us, Inc.* Case No. 17-34665 (KLP), [Docket No. 1319] (Bankr. E.D. Va.

---

[3]    *Stipulation by and among the Debtors, the DIP Agent, and the Official Committee of Unsecured Creditors with Respect to the DIP Budget and Related Matters* [Docket No. 627]

[4]    *Id.* at ¶ 12.

December 20, 2017) (granting extension of 180 days); *In re Alpha Nat. Res., Inc.*, Case No. 15-33896 (KRH), [Docket No. 990] (Bankr. E.D. Va. Nov. 24, 2015) (granting extension of 120 days); *In re Patriot Coal Corp.*, Case No 15-32450 (KLP), [Docket No. 1031] (Bankr. E.D. Va. Sept. 1, 2015) (granting extension of 120 days); *In re Health Diagnostic Laboratory, Inc.*, Case No. 15-32919 (KRH), [Docket No. 626] (Bankr. E.D. Va. Oct. 29, 2015) (granting extension of 90 days); *In re James River Coal Co.*, Case No. 14-31848 (KRH), [Docket No. 473] (Bankr. E.D. Va. July 10, 2014) (granting extension of 100 days).[5]

### Waiver of Memorandum of Points and Authorities

17.    The Debtors respectfully request that the Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

### Reservation of Rights

18.    Nothing contained herein or any actions taken pursuant to such relief is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type described in this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action

---

[5]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.  Debtors' counsel will provide and make available copies of these orders upon request.

which may exist against any entity under the Bankruptcy Code or any other applicable law.  If this Court grants the relief sought herein, any payment made pursuant to this Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Notice

19.     The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Debtors' postpetition secured lenders; (d) counsel to Bank of America, N.A. as administrative agent under the ABL Credit Agreement; (e) counsel to Goldman Sachs Specialty Lending Group, L.P. as administrative and collateral agent under the Term Loan Credit Agreement; (f) any banking or financial institution that holds the Debtors' accounts; (g) the Internal Revenue Service; (h) the office of the attorneys general for the states in which the Debtors operate; (i) the National Association of Attorneys General; and (j) all other parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice of this Motion need be given.

## No Prior Request

20.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, extending (i) the Debtors' Exclusive Filing Period through and including July 16, 2019, and (ii) the Debtors' Exclusive Solicitation Period through and including September 14, 2019.

Dated: April 17, 2019
Richmond, Virginia

*/s/ Brian H. Richardson*
Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile:  (804) 783-6192
Email:   Michael.Condyles@KutakRock.com
            Peter.Barrett@KutakRock.com
            Jeremy.Williams@KutakRock.com
            Brian.Richardson@KutakRock.com

-and-

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile:  (212) 530-5219
Email:   ddunne@milbank.com
            efleck@milbank.com
            mprice@milbank.com

*Co-Counsel for Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile:  (212) 530-5219

Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile:  (804) 783-6192

*Co-Counsel for Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GYMBOREE GROUP, INC., *et al.*,[1] | ) | Case No. 19-30258 (KLP) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## ORDER EXTENDING DEBTORS' EXCLUSIVITY PERIODS TO FILE A CHAPTER 11
## PLAN AND SOLICIT ACCEPTANCES THEREOF

Upon the motion (the "Motion")[2] of the above-captioned debtors in possession (the

"Debtors"), seeking entry of an order (this "Order") extending their Exclusivity Periods, all as

more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District

Court for the Eastern District of Virginia*, dated July 10, 1984; and this Court having found that it

may enter a final order consistent with Article III of the United States Constitution; and this Court

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number,
are: Gymboree Group, Inc. (6587); Gymboree Intermediate Corporation (1473); Gymboree Holding
Corporation (0315); Gymboree Wholesale, Inc. (6588); Gym-Mark, Inc. (6459); Gymboree Operations, Inc.
(6463); Gymboree Distribution, Inc. (8669); Gymboree Manufacturing, Inc. (6464); Gymboree Retail Stores,
LLC (6461); Gym-Card, LLC (5720); and Gymboree Island, LLC (1215).  The Debtors' service address is 71
Stevenson Street, Suite 2200, San Francisco, California 94105.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in

the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court

having found that the Debtors' notice of the Motion was appropriate and that no other notice need

be provided; and this Court having reviewed the Motion and having heard the statements in support

of the relief requested therein at a hearing before this Court; and this Court having determined that

the legal and factual bases set forth in the Motion and at the hearing establish just cause for the

relief granted herein; and upon all of the proceedings had before this Court; and after due

deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1.    The Motion is granted as set forth herein.

2.    Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive Filing

Period is hereby extended through and including July 16, 2019 and the their Exclusive Solicitation

Period is hereby extended through and including September 14, 2019.

3.    Entry of this Order shall not prejudice the Debtors' right to seek further extensions of

the Exclusivity Periods from this Court pursuant to section 1121(d) of the Bankruptcy Code, as

may be necessary or appropriate.

4.    Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

5.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are

immediately effective and enforceable upon its entry.

6.    The Debtors are authorized to take all actions necessary to effectuate the relief granted

in this Order.

7.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____ .

Richmond, Virginia                                  _____
                                                    UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:

*/s/ [DRAFT]*_____

Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile:  (804) 783-6192

- and -

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile:  (212) 530-5219

*Co-Counsel for Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ [DRAFT]*_____

4823-8827-3043v9                                    4