Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219

Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192

*Co-Counsel for Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GEMSTONE SOLUTIONS GROUP, INC., *et al.*,[1] | ) | Case No. 19-30258 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' MOTION TO APPROVE RULE 9019 COMPROMISE
## WITH U.S. BANK NATIONAL ASSOCIATION

The above-captioned debtors in possession (collectively, the "Debtors"), by counsel,

respectfully move the Court for entry of an order, substantially in the form attached hereto as

**Exhibit A**, approving a settlement and compromise with U.S. Bank National Association ("U.S.

Bank," and together with the Debtors, the "Parties") regarding that certain Co-Branded Credit Card

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Gemstone Solutions Group, Inc. f/k/a Gymboree Group, Inc. (6587); Gemstone Solutions Intermediate Corporation f/k/a Gymboree Intermediate Corporation (1473); Gemstone Solutions Holding Corporation f/k/a Gymboree Holding Corporation (0315); Gemstone Solutions Wholesale, Inc. f/k/a Gymboree Wholesale, Inc. (6588); Gemstone Solutions Mark, Inc. f/k/a Gym-Mark, Inc. (6459); Gemstone Solutions Operations, Inc. f/k/a Gymboree Operations, Inc. (6463); Gemstone Solutions Distribution, Inc. f/k/a Gymboree Distribution, Inc. (8669); Gemstone Solutions Manufacturing, Inc. f/k/a Gymboree Manufacturing, Inc. (6464); Gemstone Solutions RS, LLC f/k/a Gymboree Retail Stores, LLC (6461); Gemstone Solutions Card, LLC f/k/a Gym-Card, LLC (5720); and Gemstone Solutions PR, LLC f/k/a Gymboree Island, LLC (1215). The Debtors' service address is P.O. Box 192976, San Francisco, California 94119.

Agreement (as amended, supplemented and/or modified, the "Agreement") to allow, among other

things, U.S. Bank to use certain trademarks and marketing material owned by the Debtor's

predecessors in interest in connection with the issuance of credit cards pursuant to the Gymboree

Card Program (as defined in the Agreement), pursuant to Rule 9019 of the Federal Rules of

Bankruptcy Procedure (the "Rule(s)").  In support thereof, the Debtors state as follows:

## BACKGROUND

1.    On January 16, 2019 (the "Petition Date"), the Debtors commenced these cases by

filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1532 (as amended, the "Bankruptcy Code").  The Debtors' cases have been consolidated

for procedural purposes only and are being administered jointly.

2.    The Debtors are authorized to continue to operate their business and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On January 23, 2019, the United States Trustee for the Eastern District of Virginia appointed an

official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.  No

request for the appointment of a trustee or examiner has been made.

3.    The Debtors' predecessors in interest entered into the Agreement with U.S. Bank

to participate in a program involving the issuance of co-branded Visa credit cards to eligible

individuals.  Under the Agreement, U.S. Bank issued such cards bearing the Debtors' trademarks

and performed related services to support the card issuance program.

4.    On January 14, 2019, just prior to the Petition Date, U.S Bank issued a notice of

non-renewal of the Agreement to the Debtors.  However, the Debtors became aware that U.S. Bank

was withholding significant payments that the Debtors believed were owing under the terms of the

Agreement.  U.S. Bank disputed the Debtors' interpretation of the Agreement and asserted that no

such amounts are owing.

## SETTLEMENT

5.      U.S. Bank and the Debtors desire to resolve all remaining disputes between them related to the Agreement and to agree to mutual releases of all claims arising out of or in connection with the Agreement.  The parties have agreed to the settlement reflected in the stipulation attached hereto as **Exhibit B** (the "Stipulation") and summarized as follows:[2]

   a.      **Payment to Gemstone**.  U.S. Bank agrees to pay the Debtors the amount of $184,981.94 (the "Payment") in immediately available funds on or before fourteen days after the Effective Date of the Stipulation via wire transfer.

   b.      **Mutual Release**. (i) Upon receipt of the Payment, the Debtors, their estates, and, to the extent the Debtors have authority to bind them, their affiliates, successors, assigns, trustees, agents, consultants, heirs, directors, officers, employees, shareholders, executives, servants, attorneys, accountants, partners, representatives and other related persons and entities, in such capacities (collectively, the "Gemstone Releasing Parties"), will unequivocally release and forever discharge U.S. Bank and any of its affiliates, successors, assigns, trustees, agents, consultants, heirs, directors, officers, employees, shareholders, executives, servants, attorneys, accountants, partners, representatives, and other related persons and entities, in such capacities (collectively, the "U.S. Bank Released Parties"), from any and all rights, claims, demands, actions, liabilities, causes of action, costs, losses, liens, debts, damages, dues, accounts, sum or sums of money, covenants, contracts, agreements, expenses, judgments, extents, executions, awards, bonds, bills, specialties, reckonings, demands and suits of every nature, kind and description whatsoever, either at law, in admiralty, in equity or otherwise, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, fixed or contingent, disclosed or undisclosed, matured or unmatured, material or immaterial, whether individual, class, derivative or representative, and whether or not asserted or raised and existing, or alleged to exist or to have existed, at any time from the beginning of the world to and including the Effective Date, in each case arising out of or in connection with the Agreement, against any of the U.S. Bank Released Parties.  For avoidance of doubt and notwithstanding any provision of this paragraph, the Gemstone Releasing Parties will not in any way release or discharge the U.S. Bank Released Parties or any other party from any claim, cause of action, duty or obligation of any type whatsoever

---

[2]   This summary provides only a general overview of the Stipulation and does not contain all the relevant terms.  To determine all relevant terms, a complete review should be conducted of the Stipulation and in the event of any inconsistency between this summary and the actual terms of the Stipulation, the terms of the Stipulation shall control.

(including, but not limited to, all suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, execution claims, and demands of any kind whatsoever, at law, in admiralty, or in equity, whether accrued or not and whether known or unknown), which is unrelated to the Agreement or relates to or arises in connection with any checking account, savings account, deposit account, trust account, investment account, credit card account, guaranty, or mortgage the Gemstone Released Parties have at or with U.S. Bank (or any of U.S. Bank's affiliates, parents, subsidiaries, predecessors, successors and assigns) or any other banking, investment, credit, financing, or other relationship or arrangement between a Gemstone Released Party and U.S. Bank (or any of U.S. Bank's affiliates, parents, subsidiaries, predecessors, successors and assigns).

(ii) On the Effective Date, U.S. Bank and, to the extent it has authority to bind them, any of its affiliates, successors, assigns, trustees, agents, consultants, heirs, directors, officers, employees, shareholders, executives, servants, attorneys, accountants, partners, representatives, and other related persons and entities, in such capacities (collectively, the "U.S. Bank Releasing Parties") will unequivocally release and forever discharge the Debtors, their estates, and their affiliates, successors, assigns, trustees, agents, consultants, heirs, directors, officers, employees, shareholders, executives, servants, attorneys, accountants, partners, representatives and other related persons and entities, in such capacities (collectively, the "Gemstone Released Parties"), from any and all rights, claims, demands, actions, liabilities, causes of action, costs, losses, liens, debts, damages, dues, accounts, sum or sums of money, covenants, contracts, agreements, expenses, judgments, extents, executions, awards, bonds, bills, specialties, reckonings, demands and suits of every nature, kind and description whatsoever, either at law, in admiralty, in equity or otherwise, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, fixed or contingent, disclosed or undisclosed, matured or unmatured, material or immaterial, whether individual, class, derivative or representative, and whether or not asserted or raised and existing, or alleged to exist or to have existed, at any time from the beginning of the world to and including the Effective Date, in each case arising out of or in connection with the Agreement, against any of the Gemstone Released Parties. For avoidance of doubt and notwithstanding any provision of this paragraph, U.S. Bank will not in any way release or discharge the Gemstone Released Parties or any other party from any claim, cause of action, duty or obligation of any type whatsoever (including, but not limited to, all suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, execution claims, and demands of any kind whatsoever, at law, in admiralty, or in equity, whether accrued or not and

4

whether known or unknown), which is unrelated to the Agreement or relates to or arises in connection with any checking account, savings account, deposit account, trust account, investment account, credit card account, guaranty, or mortgage the Gemstone Released Parties have at or with U.S. Bank (or any of U.S. Bank's affiliates, parents, subsidiaries, predecessors, successors and assigns) or any other banking, investment, credit, financing, or other relationship or arrangement between a Gemstone Released Party and U.S. Bank (or any of U.S. Bank's affiliates, parents, subsidiaries, predecessors, successors and assigns).

## **JURISDICTION**

6.    This proceeding is a core proceeding pursuant to 28 U.S.C. § 157.

7.    The Court has subject matter and personal jurisdiction over all parties in interest

pursuant to 28 U.S.C. § 1334.

## **BASIS FOR RELIEF**

8.    Bankruptcy Rule 9019 provides, in relevant part:

> On motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, . . . and indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.[3]

9.    Compromises are tools for expediting the administration of the case and reducing

administrative costs, and are favored in bankruptcy.[4]  The Debtors believe that the Stipulation

represents a fair and reasonable compromise and settlement of the disputed issues regarding U.S.

Bank.

---

[3]    Fed. R. Bankr. P. 9019(a).

[4]    *See Official Comm. of Unsecured Creditors v. White Plains Joint Venture (In re Bond)*, No. 93-1410, 1994 U.S. App. LEXIS 1282, at *9–*14 (4th Cir. Jan. 26, 1994) ("To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." (internal quotation marks omitted)); *see also In re Frye*, 216 B.R. 166, 172 (Bankr. E.D. Va. 1997) (citing *Richardson v. Richardson*, 10 Va. App. 391, 399 (1990)).

(Continued…)

10.     In order to approve a settlement under Bankruptcy Rule 9019, a court must determine that the settlement is in the "best interest of the estate" and is "fair and equitable."[5] Among the relevant factors considered by bankruptcy courts in the Eastern District of Virginia are "the interests of creditors with proper deference to their reasonable views" and "the complexity, time and expense of the litigation."[6]  In determining whether to approve a proposed settlement, however, the Court should not substitute its judgment for that of the Debtors'.[7]  Instead, rather than conduct "a mini-trial" of the lawsuit at issue, "[t]he Court's fundamental determination is ". . . whether the settlement falls below the lowest point in the range of reasonableness.'"[8]

11.     Here, the Debtors respectfully submit that the settlement memorialized in the Stipulation is fair, equitable and properly reflects the appropriate legal outcome.  As an initial matter, the Stipulation is the product of good faith, arm's-length negotiations between the Debtors and U.S. Bank.  The Debtors, in an exercise of reasonable business judgment, believe this compromise to be in the best interest of the estate and creditors, and represents a means by which the parties can proceed in the most efficient manner possible to reconcile the issues under the Agreement and avoid additional administrative burden.

12.     The Debtors have provided notice of this Motion in accordance with the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* (the "Case Management Order"), [Docket No. 78], and submit that, in light of the

---

[5]  *In re Frye*, 216 B.R. at 174.
[6]  *Shaia v. Three Rivers Wood, Inc. (In re Three Rivers Woods, Inc.)*, No. 99-3020-T, 2001 Bankr. LEXIS 737, at *17 (Bankr. E.D. Va. Mar. 20, 2001) (quoting *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995)).
[7]  *See In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984).
[8]  *Three Rivers Woods, Inc.*, 2001 Bankr. LEXIS 737, at *17 (quoting *In re Austin*, 186 B.R. at 400 (internal quotation marks omitted)).

6

nature of the relief requested, no other or different notice or service of this Motion or the proposed order is necessary.

## REQUEST FOR WAIVER OF STAY

13.    To implement the Stipulation, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease or property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  The Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h) to allow the Settlement Agreement to take effect immediately to bring finality to a pending dispute. Accordingly, the Debtors respectfully request a waiver of Bankruptcy Rule 6004(h) to the extent it is deemed applicable.

**WHEREFORE**, the Debtors, by counsel, hereby request the Court to approve the proposed compromise with U.S. Bank and grant such other relief as the Court deems just and proper.

Dated: February 20, 2020
Richmond, Virginia

/s/ Brian H. Richardson
Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192
Email:        Michael.Condyles@KutakRock.com
              Peter.Barrett@KutakRock.com
              Jeremy.Williams@KutakRock.com
              Brian.Richardson@KutakRock.com

-and-

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219
Email:        ddunne@milbank.com
              efleck@milbank.com
              mprice@milbank.com

*Co-Counsel for Debtors in Possession*

# **EXHIBIT A**

## **Proposed Order**

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219

Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192

*Co-Counsel for Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GEMSTONE SOLUTIONS GROUP, INC., *et al.*,[9] | ) | Case No. 19-30258 (KLP) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## ORDER APPROVING DEBTORS' RULE 9019 COMPROMISE
## WITH U.S. BANK NATIONAL ASSOCIATION

Upon the motion (the "Motion")[10] of the above-captioned debtors in possession

(collectively, the "Debtors"), for entry of an order (this "Order") approving a settlement agreement

(the "Stipulation") between the Debtors and U.S. Bank National Association ("U.S. Bank"),

---

[9]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Gemstone Solutions Group, Inc. f/k/a Gymboree Group, Inc. (6587); Gemstone Solutions Intermediate Corporation f/k/a Gymboree Intermediate Corporation (1473); Gemstone Solutions Holding Corporation f/k/a Gymboree Holding Corporation (0315); Gemstone Solutions Wholesale, Inc. f/k/a Gymboree Wholesale, Inc. (6588); Gemstone Solutions Mark, Inc. f/k/a Gym-Mark, Inc. (6459); Gemstone Solutions Operations, Inc. f/k/a Gymboree Operations, Inc. (6463); Gemstone Solutions Distribution, Inc. f/k/a Gymboree Distribution, Inc. (8669); Gemstone Solutions Manufacturing, Inc. f/k/a Gymboree Manufacturing, Inc. (6464); Gemstone Solutions RS, LLC f/k/a Gymboree Retail Stores, LLC (6461); Gemstone Solutions Card, LLC f/k/a Gym-Card, LLC (5720); and Gemstone Solutions PR, LLC f/k/a Gymboree Island, LLC (1215). The Debtors' service address is P.O. Box 192976, San Francisco, California 94119.

[10]    Capitalized terms used but not defined herein shall have meanings set forth in the Motion.

attached as **Exhibit B** to the Motion, pursuant to Rule 9019 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and granting related relief, all as more fully set forth in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and proper notice of the Motion having been

provided to all necessary and appropriate parties; and this Court having reviewed the Motion and

having considered the statements in support of the relief requested therein at a hearing before the

Court (the "Hearing"); the Court having found that the Debtors' entry into the Settlement

Agreement (i) represents a sound exercise of the Debtors' business judgment, (ii) falls within the

range of reasonableness, (iii) is fair and equitable and (iv) is in the best interests of the Debtors'

estates and creditors; and the Court having determined that the legal and factual bases set forth in

the Motion and at the Hearing establish just cause for the relief granted herein.  Based on the

review of the Motion, the record and the related pleadings, the Court makes the following findings

and conclusions:

1.      The Debtors, upon exercising its business judgment, have determined that the

Stipulation is in the best interest of the Debtors' creditors and estates.

2.      Notice of the Motion was properly served on all necessary parties.

**UPON DUE CONSIDERATION OF THE ABOVE, IT IS ORDERED, ADJUDGED**

**AND DECREED THAT:**

1.      The Motion is hereby granted.

2.      Pursuant to Bankruptcy Rule 9019, the Stipulation is APPROVED, and the Debtors are authorized to enter into the Stipulation and perform all of their obligations thereunder, including granting the releases set forth therein.

3.      The Debtors are authorized to enter into, perform, execute, and deliver all other documents, and take all other actions, necessary to immediately effectuate the Stipulation between the parties thereto, in accordance with the terms, conditions, and agreements related thereto, all of which are hereby approved, and to otherwise effectuate the relief granted in this Order in accordance with the Motion.

4.      Any applicable stay of this Order is hereby waived.

5.      This Court shall retain jurisdiction with respect to the terms of the Stipulation and this Order.

_____                   _____

Richmond, Virginia                              UNITED STATES BANKRUPTCY COURT JUDGE

WE ASK FOR THIS:


*/s/ DRAFT*
Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:    (804) 644-1700
Facsimile:     (804) 783-6192

- and -

   Dennis F. Dunne, Esq. (admitted *pro hac vice*)
   Evan R. Fleck, Esq. (admitted *pro hac vice*)
   Michael W. Price, Esq. (admitted *pro hac vice*)
   **MILBANK LLP**
   55 Hudson Yards
   New York, New York 10001
   Telephone:    (212) 530-5000
   Facsimile:     (212) 530-5219
   Email:          ddunne@milbank.com
                        efleck@milbank.com
                        mprice@milbank.com

*Co-Counsel for Debtors in Possession*


## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

        Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing
proposed order has been endorsed by or served upon all necessary parties.

                                        */s/ DRAFT*

**<u>EXHIBIT B</u>**

**Stipulation**

**EXECUTION VERSION**

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219

Michael A. Condyles, Esq. (VA 27807)
Peter J. Barrett, Esq. (VA 46179)
Jeremy S. Williams, Esq. (VA 77469)
Brian H. Richardson, Esq. (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192

*Co-Counsel for Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| GEMSTONE SOLUTIONS GROUP, INC., *et al.*,[1] | ) ) Case No. 19-30258 (KLP) |
| Debtors. | ) ) (Jointly Administered) |
| | ) |

## STIPULATION AND CONSENT ORDER BETWEEN THE DEBTORS AND U.S. BANK NATIONAL ASSOCIATION

Gemstone Solutions Group, Inc. ("GSGI") f/k/a Gymboree Group, Inc., a debtor in

possession in Bankruptcy Case No. 19-30258 pending in the United States Bankruptcy Court for

the Eastern District of Virginia (the "Bankruptcy Court") and U.S. Bank National Association

---

[1] The debtors in these cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: Gemstone Solutions Group, Inc. f/k/a Gymboree Group, Inc. (6587); Gemstone Solutions Intermediate Corporation f/k/a Gymboree Intermediate Corporation (1473); Gemstone Solutions Holding Corporation f/k/a Gymboree Holding Corporation (0315); Gemstone Solutions Wholesale, Inc. f/k/a Gymboree Wholesale, Inc. (6588); Gemstone Solutions Mark, Inc. f/k/a Gym-Mark, Inc. (6459); Gemstone Solutions Operations, Inc. f/k/a Gymboree Operations, Inc. (6463); Gemstone Solutions Distribution, Inc. f/k/a Gymboree Distribution, Inc. (8669); Gemstone Solutions Manufacturing, Inc. f/k/a Gymboree Manufacturing, Inc. (6464); Gemstone Solutions RS, LLC f/k/a Gymboree Retail Stores, LLC (6461); Gemstone Solutions Card, LLC f/k/a Gym-Card, LLC (5720); and Gemstone Solutions PR, LLC f/k/a Gymboree Island, LLC (1215). The Debtors' service address is P.O. Box 192976, San Francisco, California 94119.

("U.S. Bank" and together with GSGI, the "Parties"), each by counsel, hereby enter into this stipulation (this "Stipulation"), and, as of February 6, 2020, stipulate and agree as follows:

## RECITALS

**WHEREAS**, effective May 1, 2014, the Gymboree Corporation (the predecessor in interest to GSGI), and U.S. Bank entered into that certain Co-Branded Credit Card Agreement (as amended, supplemented and/or modified, the "Agreement") to allow, among other things, U.S. Bank to use certain trademarks and marketing material owned by GSGI's predecessors in interest in connection with the issuance of credit cards pursuant to the Gymboree Card Program (as defined in the Agreement);

**WHEREAS**, on January 14, 2019, U.S. Bank provided GSGI notice of its intention to terminate the Agreement;

**WHEREAS**, on January 16, 2019, the Debtors filed for bankruptcy protection under chapter 11 of Title 11 of the United States Code in the Bankruptcy Court and are currently operating as debtors in possession;

**WHEREAS**, since January 14, 2019, U.S. Bank and GSGI have been engaged in discussions regarding the Parties respective obligations under the Agreement given the notice of termination; and

**WHEREAS**, the Debtors and U.S. Bank now wish to resolve all remaining disputes between them related to the Agreement.

## STIPULATION

NOW THEREFORE, IN CONSIDERATION OF THE MUTUAL PROMISES CONTAINED HEREIN, AND FOR GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH IS HEREBY ACKNOWLEDGED, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THAT:

2

1.     U.S. Bank shall pay to the Debtors the amount of $184,981.94 in immediately available funds (the "Payment") on or before fourteen (14) days after the Effective Date via wire transfer to the following account:

> Beneficiary: The Gymboree Group
> Bank: Bank of America
> 345 Montgomery Street, SF CA 94104
> Account #: 14729-01406
> Swift Code: BOFAUS3N

2.     Debtors hereby represent that Debtors own all claims related to the Agreement belonging to, or that belonged to, Gymboree Corporation.

3.     Debtors and U.S. Bank agree that the Agreement has terminated, other than with respect to those provisions that survive termination; provided that for the avoidance of doubt any right the Debtors possessed under Article XII of the Agreement to compel U.S. Bank to transfer the Gymboree Accounts (as defined in the Agreement) has expired.

4.     Upon receipt of the Payment, in consideration thereof and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Debtors, their estates, and, to the extent the Debtors have authority to bind them, their affiliates, successors, assigns, trustees, agents, consultants, heirs, directors, officers, employees, shareholders, executives, servants, attorneys, accountants, partners, representatives and other related persons and entities, in such capacities (collectively, the "Gemstone Releasing Parties"), hereby unequivocally release and forever discharge U.S. Bank and any of its affiliates, successors, assigns, trustees, agents, consultants, heirs, directors, officers, employees, shareholders, executives, servants, attorneys, accountants, partners, representatives, and other related persons and entities, in such capacities (collectively, the "U.S. Bank Released Parties"), from any and all rights, claims, demands, actions, liabilities, causes of action, costs, losses, liens, debts, damages, dues, accounts, sum or sums of money, covenants, contracts, agreements, expenses, judgments, extents,

3

executions, awards, bonds, bills, specialties, reckonings, demands and suits of every nature, kind

and description whatsoever, either at law, in admiralty, in equity or otherwise, whether known or

unknown, foreseen or unforeseen, suspected or unsuspected, fixed or contingent, disclosed or

undisclosed, matured or unmatured, material or immaterial, whether individual, class, derivative

or representative, and whether or not asserted or raised and existing, or alleged to exist or to have

existed, at any time from the beginning of the world to and including the Effective Date, in each

case arising out of or in connection with the Agreement, against any of the U.S. Bank Released

Parties.    For avoidance of doubt and notwithstanding any provision of this paragraph, the

Gemstone Releasing Parties do not in any way release or discharge the U.S. Bank Released Parties

or any other party from any claim, cause of action, duty or obligation of any type whatsoever

(including, but not limited to, all suits, debts, dues, sums of money, accounts, reckonings, bonds,

bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses,

damages, judgments, extents, execution claims, and demands of any kind whatsoever, at law, in

admiralty, or in equity, whether accrued or not and whether known or unknown), which is

unrelated to the Agreement or relates to or arises in connection with any checking account, savings

account, deposit account, trust account, investment account, credit card account, guaranty, or

mortgage the Gemstone Released Parties have at or with U.S. Bank (or any of U.S. Bank's

affiliates, parents, subsidiaries, predecessors, successors and assigns) or any other banking,

investment, credit, financing, or other relationship or arrangement between a Gemstone Released

Party and U.S. Bank (or any of U.S. Bank's affiliates, parents, subsidiaries, predecessors,

successors and assigns).

5.    On the Effective Date, in consideration of the foregoing, and for other good and

valuable consideration, the receipt and sufficiency of which is hereby acknowledged, U.S. Bank

and, to the extent it has authority to bind them, any of its affiliates, successors, assigns, trustees, agents, consultants, heirs, directors, officers, employees, shareholders, executives, servants, attorneys, accountants, partners, representatives, and other related persons and entities, in such capacities (collectively, the "U.S. Bank Releasing Parties"), hereby unequivocally release and forever discharge the Debtors, their estates, and their affiliates, successors, assigns, trustees, agents, consultants, heirs, directors, officers, employees, shareholders, executives, servants, attorneys, accountants, partners, representatives and other related persons and entities, in such capacities (collectively, the "Gemstone Released Parties"), from any and all rights, claims, demands, actions, liabilities, causes of action, costs, losses, liens, debts, damages, dues, accounts, sum or sums of money, covenants, contracts, agreements, expenses, judgments, extents, executions, awards, bonds, bills, specialties, reckonings, demands and suits of every nature, kind and description whatsoever, either at law, in admiralty, in equity or otherwise, whether known or unknown, foreseen or unforeseen, suspected or unsuspected, fixed or contingent, disclosed or undisclosed, matured or unmatured, material or immaterial, whether individual, class, derivative or representative, and whether or not asserted or raised and existing, or alleged to exist or to have existed, at any time from the beginning of the world to and including the Effective Date, in each case arising out of or in connection with the Agreement, against any of the Gemstone Released Parties. For avoidance of doubt and notwithstanding any provision of this paragraph, U.S. Bank does not in any way release or discharge the Gemstone Released Parties or any other party from any claim, cause of action, duty or obligation of any type whatsoever (including, but not limited to, all suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, execution claims, and demands of any kind whatsoever, at law, in admiralty, or in equity,

whether accrued or not and whether known or unknown), which is unrelated to the Agreement or relates to or arises in connection with any checking account, savings account, deposit account, trust account, investment account, credit card account, guaranty, or mortgage the Gemstone Released Parties have at or with U.S. Bank (or any of U.S. Bank's affiliates, parents, subsidiaries, predecessors, successors and assigns) or any other banking, investment, credit, financing, or other relationship or arrangement between a Gemstone Released Party and U.S. Bank (or any of U.S. Bank's affiliates, parents, subsidiaries, predecessors, successors and assigns).

6.      This Stipulation shall be effective on the first date (the "Effective Date") on which (i) each party hereto has executed the Stipulation and (ii) the Bankruptcy Court has entered the order approving this Stipulation and that order has become a final order not subject to a pending motion for reconsideration or further appeal.

7.      This Stipulation may be executed in one or more counterparts, by .pdf or other electronic transmission, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The Parties hereto represent and warrant to each other that: (a) the signatories to this Stipulation are authorized to execute this Stipulation; (b) each has full power and authority to enter into this Stipulation; and (c) this Stipulation is duly executed and delivered, and, upon entry on the docket of the Bankruptcy Court, constitutes a valid and binding agreement in accordance with its terms that shall inure to the benefit of and be enforceable by the Parties and their respective successors.

8.      This Stipulation is expressly subject to and contingent upon its approval by the Bankruptcy Court. If this Stipulation, or any portion hereof, is not approved by the Bankruptcy Court, or is overturned or modified on appeal, Stipulation shall be of no further force and effect, and, in such event, neither this Stipulation nor any negotiations and writings in connection with

this Stipulation shall in any way be construed as or deemed to be evidence of or an admission on behalf of any Party hereto regarding any claim or right that such Party may have against any other Party hereto.

9.      The provisions of this Stipulation are mutually interdependent, indivisible and non-severable.

10.     This Stipulation constitutes the entire agreement between the Parties hereto with respect to the matters addressed herein and supersedes all prior settlement agreements and understandings, written and oral, between the Parties with respect to the subject matter hereof. This Stipulation may not be modified or amended except by a writing signed by all of the Parties. All representations, warranties, promises, inducements or statements of intention made by the Parties hereto are embodied in this Stipulation, and no Party hereto shall be bound by, or liable for, any alleged representation, warranty, inducement or statement of intention that is not expressly embodied herein. The Parties represent and warrant that this Stipulation discloses all of the terms of the Parties' agreement with respect to the Agreement.

11.     The Parties' agreement to the terms and conditions of this Stipulation is a settlement and compromise, and shall not be construed or interpreted as an admission or acknowledgement by any of the Parties, or by anyone acting on their behalf, of any liability whatsoever.

12.     Each Party to this Stipulation shall bear its own attorneys' fees and costs.

13.     This Stipulation shall be governed by, and construed in accordance with, federal bankruptcy law and to the extent such law is inapplicable, the laws of the state of New York without regard to any principles of choice of law that would require or permit the application of the law of any other jurisdiction.

14.      The Bankruptcy Court shall retain exclusive jurisdiction to interpret, implement and enforce the provisions of this Stipulation and any related issues, and the Parties hereby consent to exclusive jurisdiction of the Bankruptcy Court with respect thereto.

15.      Notwithstanding the possible application of Federal Rule of Bankruptcy Procedure 6004(h) or any other similar provision of law, this Stipulation shall be immediately effective and enforceable, without stay of any kind, upon entry on the docket after approval by the Bankruptcy Court.

*[Remainder of Page Intentionally Left Blank – Signature Page Follows]*

IN WITNESS WHEREOF and in agreement herewith, by and through the undersigned, the Parties have executed and delivered this Stipulation as of the date first set forth below.

Dated: February 6, 2020

**GEMSTONE SOLUTIONS GROUP, INC.**

By: _____
Name: JON W. KIMMINS
Title: CFO

**U.S. BANK NATIONAL ASSOCIATION**

By: _____
Name:
Title:

IN WITNESS WHEREOF and in agreement herewith, by and through the undersigned, the Parties have executed and delivered this Stipulation as of the date first set forth below.

Dated: February 6, 2020


**GEMSTONE SOLUTIONS GROUP, INC.**


By: _____
Name:
Title:


**U.S. BANK NATIONAL ASSOCIATION**


By: _____
Name: JOHN L. OWENS
Title: SUP, US BANK